# Penny *v.* Weems, *et al.*

## *Statutory Action of Ejectment.*

1. *Action of ejectment; prima facie case; when widow not shown
   to be entitled to possession.*—In a statutory action of eject-
   ment against a widow and others, the plaintiff claimed as pur-
   chaser at a foreclosure sale under two mortgages, which were
   given by one of the defendants, who was a widow, together
   with her married daughter and her husband. The plaintiff,
   after proving the execution of said mortgages by said widow
   and her daughter and husband, introduced them in evidence,
   and then proved their assignment to the plaintiff and the fore-
   closure thereof and the conveyance to the plaintiff under the
   foreclosure sale. The lands had formerly belonged to the hus-
   band of the widow mortgagor, and he lived on them at the
   time of his death. After his death the widow and her daugh-
   ter continued to live on the same lands up to the time of the
   institution of the suit. There had been no administration of
   the husband's estate, nor was it shown that the widow claim-
   ed to exercise the right of quarantine. *Held*: That upon such
   evidence, the plaintiff was entitled to recover the lands.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment, brought by
the appellant, James A. Penny, against the appellees,
Mrs. A. L. Weems, Charles Jelks and J. M. Strickland,
to recover the possession of certain lands specifically de-
scribed in the complaint.

[Penny v. Weems, *et al.*]

The case was tried on issue joined on the plea of the general issue. The plaintiff proved the execution of and introduced in evidence two mortgages, conveying the lands described in the complaint, and executed by the defendant A. L. Weems and Deller Reddin and George W. Reddin, her husband. These mortgages were given to Penny & Hamilton. Subsequent to the execution of the said mortgages, J. N. Hamilton, one of the firm of Penny & Hamilton, assigned his interest in each of said mortgages to the plaintiff, James A. Penny, the other member of the firm of Penny & Hamilton. Deller Reddin was the daughter of Mrs. A. L. Weems and G. W. Reddin was her husband. G. W. Reddin died and Deller Reddin married the defendant, Charles Jelks. The other defendant, J. M. Strickland, was a tenant on said lands.

It was shown by the evidence that the lands in controversy and which were conveyed in said mortgage, had formerly belonged to John Weems, the husband of the defendant, A. L. Weems, and that said Weems was living on said lands at the time of his death. John Weems died many years before the execution of the mortgages and the institution of the suit. It was also shown by the evidence that default was made in the debts secured by the mortgages, and that said mortgages were foreclosed under the power of sale contained therein. At the foreclosure sale James A. Penny became the purchaser of the lands conveyed therein, which were the lands sued for in the present suit.

The defendant, A. L. Weems, was the only witness who was introduced in behalf of the defendants. Her testimony is set out at length in the opinion.

The case was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the defendants. To the rendition of this judgment the plaintiff duly excepted. Plaintiff appeals, and assigns as error the rendition of the judgment for the defendant.

GEORGE D. MOTLEY, for appellant.

[Penny v. Weems, *et al.*]

AIKEN & MARTIN, *contra,* cited *Cook v. Webb,* 18
Ala. 810; *Norton v. Norton,* 94 Ala. 481; *Boynton v. Saw-
yer,* 36 Ala. 497; *Wallace v. Hall,* 19 Ala. 367; *Lowery
v. Rowland,* 104 Ala. 420; *Inge v. Murphy,* 14 Ala. 289.

McCLELLAN, C. J.—By proving and introducing in
evidence the mortgages executed by Mrs. Weems and
others to Penny & Hamilton and their assignment to
plaintiff, by proving the foreclosure thereof and the con-
veyance to plaintiff under the foreclosure sale, the plain-
tiff made a *prima facie* case for recovery of possession of
the land from Mrs. Weems and the other defendants. If
Mrs. Weems had no alienable interest in the land, but
only a right of quarantine in respect of it, and was hold-
ing possession of it in that right, nothing as against her
or against such right of possession passed to the plaintiff
through the mortgage executed by her—that is, at least,
nothing cognizable in a court of law; and had it been
shown on the trial that she had a right of quarantine in
respect of the land and was exercising it, the judgment
for the defendants, which was rendered by the court be-
low, would have been the proper judgment in the case.
Such proof would have met and overturned plaintiff's
*prima facie* case. But this proof was not made. Her
testimony which is supposed to supply this proof is as
follows: "My husband was named John Weems. He is
dead. He will have been dead eighteen years on the 3d
of December next. He was living on the lands in contro-
versy at the time of his death. I was living with him. I
have one child. We moved on the lands in controversy
in April, 1871. My husband owned this land at the time
of his death. There has been no administration on this
estate. I have been living on this land continuously
since my husband's death except four or five months, four
years ago when we rented it to Mr. Smith. He died and
we moved back on the place in August of the same year.
G. W. and Deller Redden was living in the house with
me on this land at the time the mortgage was given. I
rent these lands for two bales of lint cotton weighing
five hundred pounds each year." All this may be true

and yet it may well be that she neither had nor was claiming to exercise the right of quarantine; *non constat,* but that dower had been assigned her and embraced the land in controversy, in which case the mortgage executed by her would have vested her life estate in the plaintiff and entitled him to the possession he sues to recover; *non constat* also, that her husband left no children or the issue of children, or father or mother, and no brothers or sisters or their descendants surviving him, in which case title in fee to the land vested in Mrs. Weems as his heir, (Code, § 1453, sub. 6), and such title passed to plaintiff through said mortgage.

The city court, we therefore conclude, erred in rendering judgment for the defendants.

Reversed and remanded.