J. W. CHURCH, *Appellant*, v. DOROTHY LOUISE SEWELL LEE, joined by her husband, QUINNEY L. LEE, *Appellees*.

136 So. 242.

En Banc.

Opinion filed July 15, 1931.

480

*Paul C. Marion,* for Appellant;

*James H. Bunch,* for Appellees.

Andrew, Commissioner:—This case is here upon appeal from an interlocutory order of the Circuit Court of Duval County overruling a demurrer of one of the defendants, J. W. Church, only appellant here, to an amended bill of complaint as amended filed by Dorothy Louise Sewell Lee, joined by her husband Quinney L. Lee, as complainants and against Kathryn E. Holmes, F. N. Holmes, Thomas D. Sewell and J. W. Church, as defendants.

The bill appears to have for its purposes: (1) the cancellation of a deed, executed by V. D. Sewell, joined by his wife, Kathryn E. Sewell, father and mother of complainant, which purports to convey the homestead of the former *direct to the latter,* and (2) the cancellation of a mortgage on the said homestead executed by Kathryn E. Sewell to J. W. Church subsequent to the death of V. D. Sewell, (3) the cancellation of a deed made by Kathryn E. Sewell Holmes and her husband F. N. Holmes to the latter to one-half interest in said property, and (4) the partition of the property if practicable among the heirs, and if not, it be sold for cash and the money derived therefrom be paid into court to be divided among the heirs of V. D. Sewell, as the court may decree. The defendant, J. W. Church, filed a separate demurrer to the

bill which was overruled, and from this order alone appeal to this Court was taken by J. W. Church.

It is contended by appellee that the validity of the said mortgage, executed by the widow Kathryn E. Sewell to J. W. Church, as an enforceable lien, depends upon the validity of the said deed executed by V. D. Sewell and wife to the latter, and that if the said deed is void the mortgage is likewise invalid, also the deed from Kathryn E. Holmes and husband to the latter, and are all cancelable of record.

The bill of complaint in substance alleges that complainant Dorothy Louise Sewell Lee, is the daughter by adoption of V. D. Sewell and Kathryn E. Sewell, the decree of adoption being entered October 27, 1917; that she was married to Quinney L. Lee December 26, 1927; that her father V. D. Sewell owned and lived upon certain described property in Jacksonville, Florida, as a homestead and head of the family at the time of his death and many years prior thereto; that at the time of his death, on October 1, 1921, he left surviving him the said Kathryn E. Sewell, his wife, Thomas D. Sewell, a son, and complainant Dorothy Louise Sewell, a minor, as the only heirs to said homestead; that the said V. D. Sewell and his wife, Kathryn E. Sewell, on May 20, 1920, executed a purported deed to said homestead undertaking to convey same to the wife Kathryn E. Sewell, which deed (it is claimed) was recorded November 5, 1921, after the death of said V. D. Sewell on October 1, 1921; that thereafter, to-wit: on October 25, 1921, said Kathryn E. Sewell, widow, executed and delivered to J. W. Church, appellant here, a mortgage on said homestead to secure the sum of $10,000.00; that at the time, and ever since the death of V. D. Sewell, Kathryn E. Sewell only owned a one-third dower interest in said homestead; that subsequent to making said mortgage said widow married F. N. Holmes who soon thereafter joined with her in undertaking to convey to himself a one-half

undivided interest in said property. All of said instruments were recorded.

The bill further alleges in substance that V. D. Sewell left a last will and testament which was duly probated by the county judge of Duval County on October 19, 1921, and that said Kathryn E. Sewell, widow of V. D. Sewell, did not elect to take a child's ·part in said homestead of V. D. Sewell within one year after the probate of said will, and that no dower in said estate ever having been set apart to the said widow, she was seized and possessed of only an "undivided one-third dower interest" in the said homestead for the term of her natural life; that complainant Dorothy Louise Sewell Lee and the said Thomas D. Sewell are each seized of an undivided one-half interest in said homestead as children of the deceased which is subject only to the one-third dower life interest of the said wife; that the said wife has since the death of the said V. D. Sewell been living upon and using the said homestead as her residence and receiving rents from portions thereof not personally used by her.

The four main grounds of the said demurrer of J. W. Church set up that the bill as amended *fails to show*:

(1)   That the deed from V. D. Sewell and his wife Kathryn E. Sewell, to Kathryn E. Sewell, is void;

(2)   That the mortgage from the widow Kathryn E. Sewell to defendant J. W. Church, is void;

(3)   That the property described was the homestead of V. D. Sewell at the time of his death, and

(4)   That complainant Dorothy Louise Sewell Lee is a lawful heir of V. D. Sewell.

Disposing of the last point raised first: It is observed that the bill alleges that complainant, a minor, was duly adopted by V. D. Sewell and wife, the decree being entered on October 27, 1917. Under Section 5081 (3273), Compiled General Laws of Florida, 1927, any child duly adopted by any person under the laws of this State is declared to be the

child and heir-at-law of the person applying for adoption. Dorothy Louise Sewell therefore became the child and heir of V. D. Sewell and Kathryn E. Sewell from and after October 27, 1917, and this status continued after her subsequent marriage to Quinney L. Lee, on December 26, 1927, as the Constitution and statutes do not confine the inheritable rights of a "child or children" in the homestead to minors alone. Miller v. Finegan, 26 Fla. 29, 7 So. 140, 6 L. R. A. 813.

Reverting to the first and main issue presented for decision here; appellant contends that the alleged deed executed by the homestead owner and wife to the wife conveying the homestead was not void even though there were children surviving at the time of the making of the deed and at the time of the death of the owner.

Appellant in his brief raises the further point that the bill is fatally defective in that it does not allege that the deed from V. D. Sewell and wife to the latter was made "without consideration" and "voluntarily". It is observed that the demurrer did not assign such alleged defect as one of the points to be presented for argument to the trial court, if that were necessary.

Section 1, of Article X of the Constitution of Florida, provides in substance that the homestead real estate to the extent of one acre, within the limits of any incorporated city or town, owned by the head of a family residing in this State and the improvements thereon shall not be "alienable" without the joint consent of the husband and wife when that relation exists, and Section 4 of said Article provides that nothing in said article shall be construed to prevent the holder of a homestead from "alienating" it by deed or mortgage when duly executed by both husband and wife, "nor if the holder be without children" to prevent him disposing of the homestead by will to the wife in a manner prescribed by law. Section 6 of said Article X pro-

vides that the Legislature shall enact such laws as may be necessary to enforce the provisions of said article.

Section 1 of Chapter 4730, Acts of 1899 (Section 5484, Compiled General Laws of Florida, 1927) provides that whenever a person who is the head of a family having his homestead in this state shall die leaving a widow and child or children surviving him, the widow shall be entitled to dower or to a child's part in such homestead as she may elect; that should she not elect to take a child's part she shall be confined to dower. Under Section 5493 and 5496, Compiled General Laws of Florida, 1927, the widow, where there are children surviving, may *within one year* from the probation of her husband's will elect to take ''a child's part'' in lieu of dower otherwise she is confined to her dower of one-third of the estate for life to be returned at her death to the husband's estate for distribution.

The bill alleges that the will of V. D. Sewell was duly admitted to probate on October 19, 1921, and that Kathryn E. Sewell did not elect to take a child's part in the homestead within a year. She is therefore confined to her dower of one-third interest for life, if the said deed made to her is invalid.

The above-cited provisions of the Constitution do not permit the owner to ''alienate'' his ''homestead real estate'' by will or otherwise where there is a child or children surviving, except by deed or mortgage duly executed by both husband and wife if such relation exists. See Thomas v. Craft, 55 Fla. 842, 46 So. 594, 15 Ann. Cas. 1118; Adams v. Malloy, 70 Fla. 491, 70 So. 463; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31; Shad v. Smith, 74 Fla. 324, 76 So. 897; Norton v. Baya, 88 Fla. 1, 102 So. 361.

This Court has held that a homestead cannot lawfully be ''alienated'' as such by the husband *alone deeding* it to the wife as it would still be the homestead and subject to inheritance by the owner's children under our statutes including adults as well as minors, whether or not they were

living on the homestead at the time of the death of the owner. Norton v. Baya, supra; Miller v. Finegan, 26 Fla. 29, 7 So. 140, 6 L. R. A. 813.

The "alienation" thus permitted does not include a conveyance of the title of the homestead real estate to the wife who is one of those to whom at the death of the owner, the property would go under the above-cited statutes, since that would give the entire property to the wife stripped of its homestead status or character without any benefit flowing to the children who upon the death of the owner are intended by the Constitution to be the beneficiaries of the homestead. See Norton v. Baya, supra; Byrd v. Byrd, 73 Fla. 322, 74 So. 313.

The appellant raises the specific question that the above provisions of the Constitution do not prevent a conveyance of the homestead when made *jointly* by the husband and wife *directly to the wife* except when made "voluntarily" and "without compensation." In other words, he contends that such conveyance is not void if the wife in fact paid the owner-husband actual value for it, and he appears to rely to a considerable extent upon the expressions of Mr. Justice Whitfield in his concurring opinion in the said case Norton v. Baya, wherein he states that the Constitution does not contemplate or permit a "voluntary" conveyance of the homestead to the wife by means of a deed executed by the husband and wife *to a third party* who at once and as a part of the same transaction conveys the property to the wife "without compensation."

The bill in this case should not be held defective because it does not specifically allege that the deed from V. D. Sewell and wife directly to the latter was "voluntarily" and made "without consideration."

In the case of Jackson v. Jackson, 90 Fla. 563, 107 So. 255, this Court held that:

> "Homestead real estate owned by a husband who has a child or children living, cannot be conveyed by the

486

husband to his wife, by the means of a deed of conveyance without consideration executed by the husband and wife to a third person, who acting merely as a conduit or intermediary, without consideration conveys or quitclaims the same homestead property to the wife."

It was also held in the above cases that a deed to the wife delivered after the death of the husband was in effect a will and was therefore invalid as a conveyance of the homestead where there are children surviving such homestead owner.

The bill in the instant case does not allege whether or not the deed was delivered after the death of V. D. Sewell.

It must be conceded that neither the Constitution nor the statutes *in terms* prohibits, or declares invalid, a deed made by the owner of a homestead and his wife undertaking to convey the homestead *directly to the wife* nor to a third person who immediately reconveys to the wife. Such a prohibition may be necessarily implied however as was indicated in the case of Jackson v. Jackson, supra, wherein it was held that:

"The implied limitations contained in a Constitution are as much a part of the organic law and are as effective as those which are expressed."

It seems therefore that if the owner of a homestead and his wife cannot legally convey the homestead to the wife *through the medium of third parties,* it necessarily follows that they cannot jointly convey it *directly* to the wife, where there are children, adult or minors, for if an act is not permitted to be done *indirectly* it follows that it may not be done directly.

In the two cases last-above cited, the point raised and discussed had reference to conveyances "voluntarily" made to *third persons* "without consideration," and not to those conveyances made by the owner and wife *directly* to the wife without any reference as to whether the conveyance was or was not made voluntarily and "without consideration."

Attention has been directed to Section 5670, Compiled

General Laws of Florida, 1927 (Section 1, Chapter 5147, Acts of 1903) which provides that

"A deed to real estate hereafter made by a husband direct to his wife shall be effectual to convey the legal title to such wife in all cases in which it would be effectual if the parties were not so married."

It seems very clear that the above statute does not, in view of Article X of the Constitution and the statutes cited and in the light of the above decisions of this Court, apply to *homestead real estate*, as such transfer would in effect abrogate or cancel the inheritable rights of the children in the homestead vouch-safed by said Article X of the constitution and statutes of this State.

It has been several times held that deeds to the homestead made by the husband *alone* to the wife are invalid where there is a child or children surviving.

In the case of Rawlins v. Dade Lumber Co., 80 Fla. 392, 86 So. 334, it was held that

"Homestead rights inure to the widow and heirs of the *owner* of the homestead who must be the *head of a family residing in this State*. It is for this reason that when there are children or a child of the husband a conveyance of homestead real estate to the wife by the husband *alone* is void under the Constitution prescribing the method by which homestead real estate may be alienated." See also Semple v. Semple, 82 Fla. 138, 89 So. 638; Byrd v. Byrd, supra; Thomas v. Craft, supra."

In the case of Norton v. Baya, supra, Mr. Justice Whitfield in his concurring opinion says that the organic provisions intended that neither the widow nor the heirs shall be deprived of their prospective rights by a transfer of the title to the homestead except as an "alienation" in which the wife shall join, and the provision for such joinder "does not contemplate a *direct* or indirect voluntary conveyance of the homestead real estate *to the wife*."

The exact point here raised appears not to have been specifically passed upon in this State; that is, the legality of a joint deed to the homestead of a husband *and wife*

*direct to the wife.* We are of the opinion that a deed to a homestead executed either by the owner *alone* or jointly by the owner and his wife *directly* to the wife as grantee where there is a child or children living whether minors or adult, is prima facie ineffective to convey legal title to such homestead in so far as the vested interest of the children are concerned. It would still remain the homestead if it was such at the time of making such deed and at the death of the head of the family. While there might be instances where equity would decree as valid a deed to the homestead executed by the owner and wife to the latter but it is not essential in deciding the issues raised by the demurrer of J. W. Church to the bill of complaint to determine it. By the great weight of authority, where the payment of a valuable consideration becomes a material question it must be affirmatively proven by the party relying on it, and cannot be established by a mere recital in a deed. 8 R. C. L. 968, Sec. 40, citing Lake v. Hancock, 38 Fla. 53, 20 So. 811, 56 Am. St. Rep. 159.

If the above conclusion is not correct, the constitutional prohibition would be of little effect in many instances to protect the homestead rights and interests of children. In fact to uphold such a conveyance of the homestead owner and his wife to the wife would be to say that form and not substance is important and that although a conveyance of the homestead could not be made *indirectly through third persons,* it may be sanctioned and given effect when done *directly.*

Our conclusion therefore is that there being two children surviving, the deed executed by V. D. Sewell and wife to the latter to the homestead real estate was prima facie void as against the vested interests of complainant and Thomas D. Sewell; that such deed under the Constitution and statutes of this State, was ineffective to transfer the fee-simple title; that such attempted "alienation" merely left the title to the homestead substantially where it was before

without divesting it of its character as a homestead. 13 R. C. L. 1376. It seems very clear that Article X was only intended to apply to bona fide alienations of the homestead *to third parties* for a valuable consideration and not to transfers made directly or indirectly to the wife which necessarily has the effect to divest children of the owner of their vested rights in the homestead.

In fact to require the wife to unite in executing a conveyance to herself, would be "to demand the performance of an absurd and idle act." 13 R. C. L. 633, Sec. 93; Kindley v. Spraker, 72 Ark. 228, 79 S. W. 766, 105 Am. St. Rep. 32; See also notes 99 Am. Dec. 152; 95 Am. St. Rep. 923; 69 L. R. A. 379. In this connection there seems to have been a misinterpretation of the point decided by this Court in the case of Thomas v. Craft, 55 Fla. 842, 46 So. 594, 15 Ann. Cas. 1118, where the expression was used that the observance of the Constitutional and statutory methods of alienating the homestead real estate is as essential when the alienation is "to members of the family as when to others."

As a matter of fact the deed being construed in that case was one executed solely by the owner of the homestead attempting to convey the homestead real estate directly to the wife and two adopted children; and the Court merely held that a deed so made by the owner *alone* was not effective as an "alienation" of the homestead.

The joinder of the wife in any deed to the homestead real estate is required by the Constitution to make the alienation thereby effective and not only and solely for the purpose of "relinquishing dower" in the alienated homestead. It is rather difficult to understand how a wife may "alienate" her dower in a homestead by the process of joining in a conveyance *to herself* thereby undertaking to become vested with the sole title to the *whole* of the homestead and thereby cancel the homestead rights of the children of the homestead owner. This Court has held that the "heirs" of the homestead owner, as well as the owner and his wife, if

any, have an interest in the homestead realty that can be "alienated" only as provided by the Constitution. Hutchison v. Stone, 79 Fla. 157, 84 So. 151.

As to the validity of the mortgage held by appellant J. W. Church, it is observed that in the recent case of Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 So. 323, a very similar question was presented and this Court said:

> "A deed by a widow which purports to convey property that belonged to her husband prior to his death (there being children and no election to take a child's part in lieu of dower) merely assigns her right of action for dower and confers upon her grantee or his assigns all the rights of the widow to have her dower assigned."

In that case it was also held that

> "A widow's right of dower is a fixed right or interest, vested in her as widow, and though not regarded as an interest in land, but rather as a chose in action, it may be mortgaged, and upon foreclosure be assigned by a master for a consideration."

It is our conclusion that inasmuch as Kathryn E. Sewell did not within the statutory period elect to take a child's part in the homestead of V. D. Sewell, she would under the said statute be confined to her dower of 1/3 interest in said homestead for life, thus leaving the fee-simple title to the homestead in the two said children of which complainant is vested with a one-half undivided estate of inheritance; that therefore the mortgage made a few days after the death of V. D. Sewell by Kathryn E. Sewell to J. W. Church was not wholly void and subject to cancellation but was effective and valid only to the extent of being a specific lien upon the undivided one-third dower life interest of the said Kathryn E. Sewell in the homestead. Mullan v. Bank of Pasco County, supra; Raulerson v. Peeples, 79 Fla. 367, 84 So. 370; 9 R. C. L. 593.

The same principle is stated in 1 Jones on Mortgages (8th Ed.) Sec. 190, page 225, as follows:

> "A widow who has an unassigned right of dower in land can make a mortgage of such land which will cover

her interest in it. See also Penny v. Weems, 139 Ala. 270, 35 So. 883.

The demurrer under consideration here is a general one and ordinarily should not be overruled if there is any equity in the bill; yet the said mortgage is not under the present status cancelable of record as totally void as a lien upon the dower interest of the wife of V. D. Sewell, deceased; therefore the order of the trial court overruling the said demurrer of J. W. Church was error to the extent pointed out, and is therefore reversed for further proceedings as may be advised not inconsistent with this decision.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the court below should be, and the same is hereby, reversed for further proceedings as may be advised not inconsistent with this decision.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.