JAMES C. GILMORE v. JEAN MACCONATHY GILMORE.

166 So. 214.
Opinion Filed February 24, 1936.

*Fred H. Mellor* and *George C. Bedell,* for Appellant; *Henderson & Franklin,* for Appellee.

DAVIS, J.—In a suit seeking divorce and praying that a deed made by the complainant husband to the defendant wife be declared void as an attempted conveyance of the homestead of the parties by the husband to the wife in violation of Section 4 of Article X of the Constitution of Florida, the Chancellor denied relief against the deed but granted the divorce. An appeal from that feature of the decree relating to the deed involved, is the subject of present consideration before this Court.

Appellant was past seventy-five years of age when this

suit was filed. His wife was about forty-seven years old at the time of her marriage to appellant. Both appellant and appellee had been previously twice married. The parties became acquainted in the summer of 1928 and during the summer of 1931 had made a trip to Europe together under circumstances appearing to have been so mutually satisfactory that marriage between the parties was entered into on December 6, 1931. Appellant was a retired official of the Pennsylvania Railroad and as a perennial visitor to Fort Myers had long since built for himself a Florida home which was completed about 1921. Appellee was by profession an artist who had been employed in writing on the Sunday Supplement of the Philadelphia Enquirer, but at the time of marriage was unemployed and without relatives or settled place of abode.

The marriage between the parties took place in New York and within a few days thereafter the parties left for Fort Myers, Florida, arriving at their destination on December 8, 1931. Mrs. Gilmore remained in Fort Myers until the last day of January, 1932. The deed to the property here in dispute was executed on December 15, 1931, and recorded December 17, 1931. It bears date of December 1, 1931, and conveyed to Mrs. Gilmore under her maiden name of Jean MacConathy the Fort Myers home that Colonel Gilmore had built and owned since 1921.

In making the deed, the appellant as grantor therein, referred to himself as of Philadelphia, where he was a registered voter. So far as the record shows, these parties, after they were married, never together spent as much as a week under any other roof than at the Fort Myers residence, but there is an inference amply supported by the record as a whole, that appellant regarded himself as never having become a *bona fide* resident of Florida other than in

a transient sense for seasonal visits which he habitually made from his normal place of abode in the North.

Upon the evidence submitted, which it would be impractical to review in detail within the compass of this opinion, the Chancellor held that, as against the wife's denial in her pleading filed in answer to her husband's complaint, the husband had failed as a matter of law in establishing to his satisfaction that the deed executed by the husband to his wife of lands now claimed by the husband to have been his homestead at the time (Church v. Lee, 102 Fla. 478, 136 Sou. Rep. 242) was void.

Thus in effect the Chancellor held that upon the evidence submitted, and as against the appellant's showing of his own voluntary execution of the deed, he was attempting subsequently to repudiate in his own interest on the ground of matters *in pais* allegedly constituting an avoidance of it in law, no finding was warranted in his behalf to the effect that the husband was the head of a family residing in Florida when the deed in question was executed on December 15, 1931, especially in view of the ubiquitous mode of life appellant had obviously lived for several years before, and at the very moment of, his execution of the challenged conveyance.

A careful study of the record fails to disclose any reversible error of law or of fact in the Chancellor's finding on that score, therefore the decree appealed from must be, and is hereby,

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.