**THE FLORIDA NATIONAL BANK OF JACKSONVILLE, As Executor and Trustee under the Will of Grace Webster Taylor, deceased, and A. A. Lalker v. CARRIE B. TAYLOR WINN.**

30 So. (2nd) 298　　　　　　　　　　　　January Term, 1947
April 22, 1947　　　　　　　　　　　　　　　　　En Banc
Rehearing Denied May 20, 1947

*John D. Shepard,* for appellants.

*Snow & Campbell,* for appellee.

PER CURIAM:

The record and the briefs in this case have been examined and the judgment appealed from is affirmed on authority of Norton v. Baya et al, 88 Fla. 1, 102 So. 361, Jackson et al v. Jackson et al 90 Fla. 563, 107 So. 255; Norman et al v. Kan-

non et al 133 Fla. 710, 182 So. 903 and Bess v. Anderson 102 Fla. 1127, 136 So. 898.

THOMAS, C. J., BUFORD, ADAMS, BARNS, JJ., and McNEILL, Associate Justice, concur.

TERRELL and CHAPMAN, JJ., dissent.

TERRELL, J., dissenting:

In September, 1934, Albert A. Taylor and his wife, Grace W. Taylor, conveyed certain lots in Cocoa, being their homestead, to A. A. Walker, who in turn re-conveyed them to the grantors as tenants by the entirety. Albert A. Taylor died in March, 1939, and Grace W. Taylor died in December, 1945. Carrie B. Taylor Winn then instituted this suit by bill in equity to nullify said deeds on the ground that the grantees were without power to convey the homestead. The Florida National Bank, as trustee under the will of Grace W. Taylor, filed an answer setting up defenses that will be reverted to later. Evidence was taken on the issues made by the bill and answer and on final hearing the chancellor found for complainant and adjudicated the deeds to be void. This appeal is from the final decree.

The question for determination is whether or not Albert A. and Grace W. Taylor were authorized to convey their homestead to the City of Cocoa for a public use and thereby cut off any interest in it that Carrie B. Taylor Winn may be entitled to under Article X of the Constitution.

It is admitted that Carrie B. Taylor Winn is the daughter of Albert A. Taylor by a former marriage; that her mother died a few days after she (Carrie B. Taylor Winn) was born; that in due course her father married Grace W. Taylor, with whom he lived for over forty years; that Carrie B. Taylor Winn is married and has been living in her own home for more than twenty years; that the conveyances brought in question were deliberately made for the purpose of conveying the homestead to the City for public purposes and that Grace W. Taylor devised it to the City in her will, thus perfecting the agreement made with her husband.

Section 1, Article X of the Constitution, defines the homestead and inhibits alienation without the joint consent of

husband and wife when that relation exists. Section 4, same Article, provides that nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself and by husband and wife if such relation exists.

This court is committed to the doctrine that these provisions of the Constitution permit alienation of the homestead by deed or mortgage; that parents without children may dispose of it by will, but if they have children, minors or adults, they may not dispose of it by will, neither may they dispose of it through a conduit or otherwise without consideration. Jackson v. Jackson, 90 Fla. 563, 107 So. 255. Nor may a man with wife or child surviving him make testamentary disposition of the homestead. Norton v. Baya, 88 Fla. 1, 102 So. 361.

In my view there have been unwarranted inferences drawn from these and other decisions affecting the homestead. Certainly the homestead was designed for the benefit of the family, to preserve its finest traditions, but the constitution imposes only two limitations on its preservation; (1) Exemption from forced sale under process of any court, and (2) Alienation by joint consent of husband and wife if that relation exists.

There is no suggestion here that the alienation by the Taylors was irregular or done for a fraudulent purpose. The Constitution does not require consideration as a basis of alienation of the homestead. This idea was doubtless injected into some of the decisions because of fraud or overreaching, otherwise it was mere surplusage and has no application here. There is not a word in the Constitution to warrant the suggestion that an adult child may thwart the desire of a parent in the matter of disposing of the homestead by deed. The Constitution imposes no limitation whatever on alienation and this court should impose none unless the purpose of the homestead is about to be overthrown. The fact that exemption from forced sale may inure to the widow and heirs imposes no restraint on alienation.

The makers of the constitution did not know much about

formal ethics but they knew their own mind and ruled their own household. It is contrary to all human experience to contend that they wrote anything in the constitution that would warrant one in thinking that a child long departed from the family tree might return and thwart a transaction made like this in good faith. They were not a breed that subscribed to junior rule. The more persistent one pursues such a theory the deeper it penetrates the fog of obscurity.

Aside from this, I do not think that a deed or will to the City for a permanent memorial can be said to be devoid of consideration. Establishing a memorial to the grantors was a very material consideration, intangible of course, but I think the way and the purpose for which it was done met every requirement of the Constitution. The husband and wife were parties to it and while the consideration was intangible, the establishment of a memorial was much more precious to them than a tangible reward. Unless this fails the appellee should not be permitted to intervene.

It is accordingly my view that Albert A. and Grace W. Taylor were authorized to convey their homestead to the City in the manner shown, notwithstanding the claim of the surviving daughter. They could have conveyed it and have appropriated the proceeds as they saw fit. The "exemptions" and not the "homestead" inures to the widow and children. I therefore dissent from the view expressed by the majority.

CHAPMAN, J., concurs.