177 So.2d 779 (1965)
William Reid PACE, Appellant,
v.
John Stephen WOODS, Individually and as Executor of the Estate of Katherine Johnstone Pace, deceased, Appellee.
No. 65-139.
District Court of Appeal of Florida. Third District.
August 17, 1965.
Rutledge & Milledge, Miami, for appellant.
Sam H. Nedelman, Miami, and Melvin D. Schiller, Coral Gables, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal of a final decree of the circuit court refusing to cancel and set aside a deed.
The pertinent facts of this case are as follows:
In 1924, plaintiff-appellant married Katherine Johnstone Pace. In 1946 appellant purchased a house, title to which was taken in the names of himself and his wife as tenants by the entireties. Mr. and Mrs. Pace resided together on this property continuously from the date of its purchase in 1946 until the death of Mrs. Pace in 1963. During such residence period Mr. Pace was the head of the household, and there is no dispute as to the homestead character of that property under Florida law.
In 1953, Mr. and Mrs. Pace executed a deed conveying the property to themselves as tenants in common with no right of survivorship. The deed recited that it was given for Ten Dollars and other good and valuable consideration, although no monetary consideration passed from one to the other. Upon Mrs. Pace's death in 1963, she left a will devising one-half interest in the property to the appellee, her son by a prior marriage. The appellant has instituted this action to set aside the 1953 deed as an improper alienation of homestead property.
Our review of the applicable law leads us to conclude that the chancellor correctly decided this case.
*780 Appellant's main contention is that the 1953 conveyance should be set aside because it was without valuable consideration. Under the facts of this case such contention lacks merit in both law and fact. While it is true that Florida courts have consistently held that a homestead in the sole name of a head of a family can not be alienated without consideration,[1] it is to be noted that in the cases where gratuitous conveyances were voided the complaining parties were children of the homestead owner and had a protected interest under the Constitution of Florida. In this case, appellant had no such interest. It would be a strained interpretation of homestead laws to hold that such laws are designed to protect the head of the household from his own alleged improper alienation of the homestead.
We are of the view that the authority most applicable to this case is Denham v. Sexton.[2] In the Denham case, the Supreme Court held that the homestead provisions of the Constitution adopted for the benefit of heirs' of the heads of the family do not apply to property held by tenants by the entireties. And, property held by the entireties may be alienated like any other property. The court went on to say,
"The fact that exemptions from liens and forced sales may be claimed by the head of a family during his lifetime on a home place owned by the husband and wife as tenants by the entireties makes no difference in the operation of the law as respects the right of the tenants by the entireties to make a conveyance of the property in the same manner as any other property owned by the tenants may be conveyed."[3]
Moreover, assuming for the sake of argument that consideration to support the 1953 transfer was required, we find that legal consideration was in fact present. By converting their estate by the entireties to an estate in common, the parties thereby gave up certain legal rights in exchange for others. One valuable legal right lost was the right to succeed to the entire estate by outliving the other tenant. One valuable legal right gained was the right to dispose of their respective interests in precisely the manner done by Mrs. Pace, that is, by devise.
We have considered appellant's remaining contention regarding disability of spouses to convey homestead property to each other but find such contention lacking in merit.
For the foregoing reasons the decree appealed is affirmed.
Affirmed.
NOTES
[1] Florida Nat. Bank of Jacksonville v. Winn, 158 Fla. 750, 30 So.2d 298 (1947); Bess v. Anderson, 102 Fla. 1127, 136 So. 898 (1931); Reed v. Fain, Fla. 1962, 145 So.2d 858.
[2] Fla. 1950, 48 So.2d 416.
[3] id at 418.