LILES, Chief Judge.
Appellee, Eleanor Betts Hawkins, filed suit seeking a determination that the property in dispute was homestead property and sought further that certain deeds of record be declared null and void.
The trial court held that the property was homestead in character and ordered recession and cancellation of a certain deed of record. The appellant, Elizabeth W. Betts, appeals from this final decree rendered in favor of appellee Hawkins.
On December 19, 1953, the appellant, a widow, married Frank Betts, a widower, who was the father of appellee by his previous marriage. Prior to her marriage to Frank Betts the appellant owned a parcel of land on 4506 Sevilla Street, Tampa, Florida. Frank Betts owned the land in question which is located at 3115 Lawn Avenue, Tampa, Florida. Following their marriage Frank and Elizabeth Betts resided at his home on Lawn Avenue. Thereafter, the appellant and her husband executed deeds to their individually owned parcels of land to one Margaret Roche who on the following day conveyed both parcels back to Frank and Elizabeth Betts as tenants by the entireties. Several years later the property on Sevilla Street, for *136 merly owned by Elizabeth, was sold and the proceeds thereof were deposited in the joint bank account of Frank and Elizabeth. There is evidence that repairs were made on the home at Lawn Avenue from the proceeds of this sale and from other monies the appellant had accumulated prior to marriage. Appellant and her husband continued to live on the Lawn Avenue property. The appellee left home to attend college, and she ultimately married and moved away from the property on Lawn Avenue. Frank and Elizabeth were living on the Lawn Avenue property at the time of his death on April 12, 1964.
Thereafter, appellee Hawkins filed suit alleging that the parcel on Lawn Avenue was homestead property and that the deed purporting to convey the property to Frank and Elizabeth violated appellee’s rights under Florida’s homestead law and should be set aside. The trial court found for the appellee and Elizabeth Betts has taken this appeal.
The law of Homestead pertinent to our discussion was well stated by Justice Sebring in Regero v. Daugherty, 69 So.2d 178, 180 (Fla.1953), wherein he said:
“Homestead property is subject to conveyance just as any other property. As sections 1 and 4 of Article X of the Constitution provide; ‘ * * * the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * * [but] Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead * * * by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists. * * *.’ (Emphasis supplied.) Scoville v. Scoville, Fla., 40 So.2d 840. The only restriction in respect to the alienation of a homestead by deed or mortgage, duly executed by the husband and wife, or by the surviving spouse when such spouse is vested with the whole estate in the property, is that the conveyance may be subject to attack by homestead beneficiaries unless it is free from fraud, deceit, undue influence or duress and for a valuable consideration. Church v. Lee, 102 Fla. 478, 136 So. 242; Jackson v. Jackson, 90 Fla. 563, 107 So. 255. Compare Florida Nat. Bank v. Winn, 158 Fla. 750, 30 So.2d 298.”
The only issue presented to this court is whether valuable consideration existed to support the conveyance of the Lawn Avenue homestead from Frank Betts to Margaret Roche who in turn reconveyed the property to Frank and the appellant as tenants by the entireties.
In Regero v. Daugherty, supra, suit was instituted to set aside a deed to homestead property .from the mother to a daughter who had cared for the mother for ten years. One of the grounds alleged in the suit was the lack of valuable consideration to support the conveyance. The Florida Supreme Court held that performance of these services to the mother was a valuable consideration for the conveyance. Accord, Parrish v. Robbirds, 146 Fla. 324, 200 So. 925 (1941).
In Florida National Bank of Jacksonville v. Winn, 158 Fla. 750, 30 So.2d 298 (1947), Justice Terrell in a dissenting opinion joined by Justice Chapman stated that a deed of homestead property to a municipality who in turn was to establish a memorial for the grantors was supported by adequate consideration.
In Pace v. Woods, 177 So.2d 779 (Fla.App.1965), the District Court held that a deed executed by the husband and wife, who had title to property as tenants by the entireties, which conveyed the property to them as tenants in common with no right of survivorship would not be set aside on the ground that it was without valuable consideration. The court found that under the peculiar fact situation no consideration was needed but if it were necessary, consideration was present in that the parties by converting their estate by the entireties *137 to an estate in common thereby gave up certain legal rights in exchange for others.
The case of Hay v. Wanner, 204 F.2d 355 (5th Cir.1953) involved a fact situation similar to that of the instant case. In Hay the husband and wife, each of whom had been married previously and owned their own home, entered into an antenuptial agreement whereby they agreed to sell the wife’s home and live in the husband’s home placing the properties owned by them individually in “joint ownership.” Prior to the marriage the wife’s home was sold and a portion of the proceeds was used to repair the husband’s home. Following the marriage the wife opened a joint bank account with the husband in which she deposited the remaining proceeds from the sale of her home and furniture along with monies from other sources. Subsequently, portions of the husband’s property were transferred to strawmen who reconveyed the parcels to the Hays as tenants by the entireties. Following the death of the husband his daughter by a previous marriage sought to upset the conveyances of the homestead property as fraud on her rights as heir. Aside from the promise to marry, the court found several other basis to uphold the conveyances against an allegation of no consideration. The fact that the wife sold her home and used a portion of the proceeds to repair the husband’s home was one basis, and the placing of her monies in a joint account with the husband was another.
From an analysis of the case law, it becomes apparent that the conveyance in the instant case was accompanied by consideration. Frank and Elizabeth Betts conveyed individually owned property and in return received interest as tenants by the entire-ties in each other’s property. They gave up certain property rights, e.g., the right to devise their property, and in return received others, e.g., right of survivorship. This coupled with the fact that Mrs. Betts used some, if not all, of the proceeds from the sale of her individually owned property for repairs on the homestead strengthens the finding that valuable consideration accompanied the conveyance.
For the foregoing reasons, we reverse the decree of the trial court and remand for action consistent with this opinion.
SHANNON, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.