PER CURIAM.
The defendant, Ludwika Suprun, appeals from a summary final judgment for the plaintiffs (appellees) in a declaratory decree action.
The record on appeal reveals that plaintiffs are the children of Michael and Agnes Suprun. In 1947 their parents purchased certain real property and resided on it as a homestead until Agnes Suprun died. Michael continued to live on the property and subsequently married Ludwika. On March 20, 1967, Michael and Ludwika executed a deed conveying the land to Michael and Ludwika Suprun as tenants by the entirety. Approximately four months later Michael died. His children filed suit and sought to have the property declared to be homestead giving a life estate only to Ludwika and to have the deed of March 20, 1967 declared to be null and void.
The trial court rendered a summary final judgment for the children in which it held *745 that the real property was homestead and that the deed of March 20, 1967 was void ab inito. Ludwika has appealed from that summary final judgment.
We reverse. There appear to be genuine issues of material fact which should be determined by a trial of the issues in this cause.
Among other facts it does not conclusively appear that the conveyance of the land by the deed of March 20, 1967 was without valuable consideration. In Regero v. Daugherty, Fla.1954, 69 So.2d 178, the Supreme Court said at page 181:
* * * * * *
“ * * * The only restriction in respect to the alienation of a homestead by deed or mortgage, duly executed by the husband and wife, or by the surviving spouse when such spouse is vested with the whole estate in the property, is that the conveyance may be subject to attack by homestead beneficiaries unless it is free from fraud, deceit, undue influence or duress and for a valuable consideration. Church v. Lee, 102 Fla. 478, 136 So. 242; Jackson v. Jackson, 90 Fla. 563, 107 So. 255. Compare Florida Nat. Bank v. Winn, 158 Fla. 750, 30 So.2d 298.”
* * * * * *
See also Betts v. Hawkins, Fla.App. 1967, 202 So.2d 135. 16 Fla.Jur. Homesteads § 50 states:
******
“ * * * There appears to be no prohibition against a conveyance of a homestead either directly to the wife, or through an intermediary to the husband and wife, where there is an adequate consideration therefor, and the conveyance is bona fide and not merely a device to circumvent the children’s homestead rights.”
Since there was no conclusive showing in the record on appeal that Ludwika failed to pay a valuable consideration for the real property in question the entry of a summary final decree was improper.
The summary final judgment is reversed and the cause remanded for further action consistent herewith.