CARROLL, DONALD K., Judge.
The defendant in an action for declaratory relief has appealed from a declaratory summary judgment entered by the Circuit Court for Columbia County, canceling of record a certain deed to her.
The basic question presented for our determination in this appeal is whether the said judgment was entered in accordance with our procedural rules governing the entry of summary judgments.
The key provision of those rules, found in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., provides that at a hearing upon a party’s motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In the summary judgment appealed from herein the court stated that, in entering the judgment, it had considered the complaint and answer, the depositions of the parties, and the answers to interrogatories filed by the parties, as well as the argument of counsel, and found that there was no genuine issue as to any material fact and that the plaintiffs are entitled to a summary declaratory judgment as a matter of law, and adjudged that the property in question “constituted a part of the homestead of Haywood H. Morgan, deceased, on March 4, 1966, the date of the purported deed from Haywood H. Morgan and the defendant, Ada Ball Morgan, his wife, to the said Ada Ball Morgan, said deed being recorded in Official Record Book 199, Page 321, public records of Columbia County, Florida. That said lands continued to be a part of the homestead of Haywood H. Morgan, who was the head of a family from said date of March 4, 1966, to and including the date of his death of May 8, 1968, and were not subject to conveyance without appropriate consideration. That there was not appropriate consideration therefor, and in accordance with the law enunciated in Church v. Lee [102 Fla. 478], 136 So. 242 (1931), and Reed v. Fain [Fla.], 145 So.2d 858 (1962), said deed is declared to be void and of no force and effect, and the Clerk of this Court is directed to cancel the same upon the record.” The court then held that the defendant, Morgan’s widow, be declared to hold a life estate in the said lands and that the plaintiffs be declared the holders of the undivided remainder interest in fee simple in the said lands, subject to the defendant’s said life estate.
The constitutional provisions involved in this appeal are found in Article X of the Florida Constitution of 1885, as amended. Section 1 of that article provides, in pertinent part, that homestead real estate “shall not be alienable without the joint consent of husband and wife when that relation exists.” Section 4, subdivision (c) of Article X provides:
“The homestead shall not be subject to devise if the owner is survived by spouse or minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.”
The decisional law of Florida as to the requirement of a valuable consideration for *526 a conveyance of the homestead realty to the wife is well and fairly reflected in the following summary of the law in Florida Jurisprudence, Homesteads, vol. 16, Sec. 50, page 309:
“The Florida courts take the view that a conveyance of homestead realty by the husband to the wife is not such an alienation of the homestead as is permitted by the Constitution, and is void, at least where the conveyance to her is without consideration and where there are children to whom as heirs, together with the widow, the homestead exemption inures, whether the children are minors or adults, and whether or not they are residing with the family. This rule is applicable regardless of whether the conveyance is by the husband directly to the wife, either alone, or joined in by the wife, or whether made indirectly by the husband and wife through a third person to the wife. To allow such a conveyance would, it is said, operate to transfer from the husband to the wife the legal title to the homestead stripped of its homestead status or character, thereby converting her interest therein into absolute ownership, and would divest his children, who are his prospective heirs, of the interest which under the Constitution inures to them. Of course, this principle is not applicable to transfers of realty which is not homestead property at the time of the conveyance, either, for example, because it had not as yet acquired that status, or because it has been abandoned as a homestead.
“The foregoing cases involved conveyance that were gratuitous and without consideration, their apparent purpose being to thwart the children’s interest in the homestead. There appears to be no prohibition against a conveyance of homestead either directly to the wife, or through an intermediary to the husband and wife, where there is an adequate consideration therefor, and the conveyance is bona fide and not merely a device to circumvent the children’s homestead rights.”
As stated in this quotation, the rules therein apply when the conveyance of the homestead realty is gratuitous and without consideration. In the summary judgment appealed from the court flatly held that “there was not appropriate consideration” for the conveyance, and so the deed “is declared to be void and of no force and effect. * * * ”
At the hearing on the motions for summary judgment the evidence before the court established the following facts without dispute: The late Haywood H. Morgan, an elderly farmer, owned the property in question and had homesteaded it for many years. The home in which he and the appellant were living was in poor condition, so he told her that, if she would build them a new house, he would deed her forty acres on which to build it. They agreed on this, the deed was executed. She paid him ten dollars at the time of signing, and soon thereafter the new home was built. The appellant contributed at least half of the money required to build the new home, her money coming from her wages and from her independent funds.
In considering the foregoing evidence at the hearing on the said motions, the court had no right, under our rules governing summary judgments, to ignore or discredit such evidence and hold, as a matter of law, that there was no “appropriate consideration” for the conveyance of the homestead property to the appellant. In fact, according to the rule followed in many Florida cases, at a hearing on a motion for a summary judgment, the evidence and the inferences therefrom must be construed most strictly against the movant and in favor of the party moved against.
Our holding in the case at bar is not inconsistent with the two decisions of the Florida Supreme Court cited in the summary judgment — Church v. Lee, 102 Fla. 478, 136 So. 242 (1931) and Reed v. Fain, *527 145 So.2d 858 (1962). In both cases the rule was recognized that homestead property can be alienated by a bona fide transaction based upon a valuable consideration.
We hold here that, from the above evidence concerning the consideration for the conveyance, a reasonable man could conclude that there was a valuable consideration for the conveyance, and hence the summary judgment was improvidently entered. However, we must not, and do not, here consider or pass upon the question as to what the ultimate judgment in this case should be after a plenary evidentiary final hearing is held and all parties have' been given a full opportunity to present their evidence and arguments.
For the foregoing reasons the summary judgment appealed from herein must be, and it is, reversed, and the cause is remanded for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
JOHNSON, C. J., and RAWLS, J., concur.