PER CURIAM.
Appellants, plaintiffs in the trial court, seek review of an order granting a motion to dismiss their complaint.
The complaint alleged that the appellants are the sons of John E. Miller, one of the appellees in this case. It further was alleged that the elder Miller joined by appel-lee Gina C. Miller, his wife, conveyed property to themselves as tenants by the entireties, and that no consideration was paid for the said conveyance.
Thereafter, John and Gina Miller dissolved their marriage, and the decree ordered that the property held by the entire-ties would thereafter be held as a tenancy in common.
The complaint averred that the conveyance was in violation of the appellants’ homestead rights under the 1885 Florida Constitution, and prayed that the court declare the same to be void as an attempted *761 alienation of homestead property in violation of constitutional restraints.
In testing the sufficiency of a complaint upon a motion to dismiss, all material allegations are taken to be true. Hembree v. Reaves, Fla.App.1972, 266 So.2d 362; Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759; Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482.
In this light, the appellants’ complaint states a cause of action; and therefore, it was improper to grant the motion to dismiss. Reed v. Fain, Fla.1962, 145 So.2d 858; Suprun v. Suprun, Fla.App. 1970, 235 So.2d 744; Morgan v. Riley, Fla.App. 1970, 239 So.2d 524.
Accordingly, the order appealed must be reversed and the cause remanded for further proceedings.
Reversed and remanded.