360 So.2d 10 (1978)
George ROBBINS and Aaron Robbins, Appellants,
v.
May ROBBINS and Jere Pinco, Appellees.
No. 77-937.
District Court of Appeal of Florida, Second District.
May 26, 1978.
Rehearing Denied June 28, 1978.
James P. Bennett of Bennett & Dietrich, St. Petersburg, for appellants.
Michael A. Smith and Ray J. Peacock of Goza, Hall, Peacock & Peters, Clearwater, for appellees.
DANAHY, Judge.
Appellants/plaintiffs, George and Aaron Robbins, filed suit to quiet title to a parcel *11 of real property. They bring a plenary appeal from an order granting with prejudice appellees/defendants' motion to dismiss for failure to state a cause of action.[1] The following facts alleged by appellants/plaintiffs are taken as true for purposes of the motion to dismiss.
On August 4, 1959, Hyman Robbins and his wife, Jeanette Robbins, natural parents of appellants/plaintiffs, purchased the real property at issue in this case and took title as an estate by the entirety. Jeanette Robbins died on July 7, 1965. Hyman Robbins subsequently remarried and on May 25, 1966, executed a deed conveying the property to himself and his second wife, May Robbins, as an estate by the entirety. May Robbins did not join in the deed, which recited that the consideration for the transfer was "one dollar and other good and valuable consideration ..." Hyman Robbins died on May 11, 1968. On December 10, 1975, May Robbins, the unremarried widow of Hyman Robbins, executed a deed conveying the property to her son, Jere Pinoo, subject to a life estate in herself.
Appellants/plaintiffs then initiated this action against May Robbins and Jere Pinco seeking a declaration that appellants/plaintiffs possessed a remainder interest in the real property. They alleged that at the time of the 1966 conveyance Hyman and May Robbins were living on the property as a homestead, that the 1966 deed was null and void, and that the attempted conveyance in 1975 was in derogation of their title. We hold that appellants/plaintiffs' complaint stated a cause of action.
Case law firmly established that under the 1885 constitution, which was in effect in 1966 when Hyman Robbins attempted to create an estate by the entirety with May Robbins, both spouses were expressly required to join in the execution of a deed conveying homestead property. Thomas v. Craft, 55 Fla. 842, 46 So. 594 (1908); Moorefield v. Byrne, 140 So.2d 876 (Fla. 3d DCA 1962); 16 Fla.Jur., Homestead, Section 57 (1957). Additionally, the homestead provision of the 1885 constitution was construed to implicitly require that any alienation of homestead property be accompanied by valuable consideration. See, e.g., Jackson v. Jackson, 90 Fla. 563, 107 So. 255 (1925). Therefore, a gratuitous conveyance of homestead property from husband to wife was held to be void, at least where there were children. Church v. Lee, 102 Fla. 478, 136 So. 242 (1931); Reed v. Fain, 145 So.2d 858 (Fla. 1962).
Appellees/defendants argue that subsection 2 of Section 689.11, Florida Statutes (1977) validates the 1966 conveyance. That statute by its terms validates prior deeds made between husband and wife which would otherwise have been effective except for the fact that the parties were married. We do not agree.
First, the deed here in question was void ab initio because the attempted conveyance was in derogation of two requirements under the 1885 constitution, joinder and valuable consideration. The supreme court has held that a statute is "unconstitutional if it be construed in such manner as to breathe life into an instrument made and executed in contravention of constitutional inhibitions." Reed v. Fain, supra. Accordingly, we hold that Section 689.11(2) does not apply to a homestead deed which is void ab initio due to constitutional infirmities.
Second, not only was the 1966 deed void ab initio due to failure to comply with the express and implied constitutional requirements, but it was voidable by appellants, who possessed an inchoate interest created and protected by the constitution at the time the 1966 deed was executed. Appellants' inchoate remainder interest in the homestead was subject to alienation only if the constitutional requirements of joinder and consideration were complied with. The *12 interest became vested in them when Hyman Robbins died prior to the effective date of the 1968 constitution. A statute cannot dissolve either an inchoate or vested right which is of constitutional magnitude. If we applied Section 689.11(2) as suggested by appellees, we would abrogate the constitutional protection accorded to homestead property under our prior constitution. Reed, supra.
REVERSED AND REMANDED.
HOBSON, Acting C.J., and RYDER, J., concur.
NOTES
[1] The order appealed from is interlocutory, not final, and may not be the subject of a plenary appeal. However, this case came to us prior to the effective date of our new appellate rules and is a matter formerly cognizable in equity. Therefore, we can and do choose to treat the appeal as an interlocutory appeal. Washington Security Co. v. Tracy's Plumbing and Pumps, 166 So.2d 680 (Fla.2d DCA 1964).