PER CURIAM.
We have for review a final judgment entered in a probate proceeding below wherein it was determined that two separate but adjoining plats of land in Dade County, Florida, [herein referred to as Lots 17 & 18], constituted homestead property *387 for purposes of alienation, and descent and distribution, under Florida Constitution, Article X, Section 1 (1885),[1] so as to nullify the head of the household’s efforts to alienate by deed and devise by will the said plats of land to his surviving spouse, the appellant Hattie Martin. After a thorough review of the record, the appellant’s brief[2] and the applicable law, we are convinced that the final judgment entered herein must be reversed.
First, we entertain no doubt that the plat of land on which the subject residence was located, Lot 18, was not homestead property for descent and distribution purposes under the aforementioned constitutional provision. The record reflects that Lot 18 was held by the head of the household and the appellant as a tenancy by the entireties at the time of the head of the household’s death on August 21, 1966,[3] and, accordingly, upon said death, the property ceased being homestead and passed by operation of law to the surviving spouse, the appellant herein.[4] Passmore v. Morrison, 63 So.2d 297 (Fla.1953); Denham v. Sexton, 48 So.2d 416, 418 (Fla.1953); Wilson v. Fla. National Bank & Trust Co. at Miami, 64 So.2d 309, 311 (Fla.1953); Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 (1932).
Second, although not totally free from doubt, we have concluded that the adjoining empty lot, Lot 17, was not homestead property for alienation purposes under the aforementioned constitutional provision. This lot was never used as an integral part of the residence located on Lot 18 [which lot was homestead property during the lifetime of the head of the household.] Lot 17 at no time had any structures or improvements built upon it which served the residence on Lot 18 and was never jointly fenced in with Lot 18. It was merely a separate, empty lot which served, at best, as an excess side yard to the aforementioned residence. As such, it was never homestead property under the above-stated constitutional provision, Brandies v. Perry, 39 Fla. 172, 22 So. 268, 270 (1897), and, accordingly, passed by deed dated April 15, 1948, from the head of the household to the appellant. Clark v. Cox, 80 Fla. 63, 85 So. 173 (1920); see Smith v. Guckenheimer, 42 Fla. 1, 27 So. 900 (1900).
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter a final judgment declaring that Lots 17 and 18 herein are owned in fee simple by the ap *388 pellant, Hattie Martin, in accord with the views expressed in this opinion.
Reversed and remanded.

.“A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sales for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field, or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this Article.” Fla.Const. Art. 10, § 1 (1885).
This provision of the constitution has since been changed. See Fla.Const. Art. X, § 4 (1968) (amended 1972).

. The appellee Judith Kratochvil, a lineal descendant granddaughter of the deceased head of the household, did not file a brief or memorandum of law in this cause.

. It appears that the head of the household’s attempted conveyance of Lot 18 on April 15, 1848, to his wife [the appellant] had no force and effect. Church v. Lee, 102 Fla. 478, 136 So. 242 (1931); 16 Fla.Jur. “Homestead” § 50 (1957).

. Since this property was not homestead for descent and distribution purposes, § 731.27, Fla.Stat. (1965), which provided:
“The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent.”
was totally inapplicable to this case.