PETERSON, Judge.
Annette N. Nordman appeals an order establishing Marjorie E. McCormick as the sole devisee of the title to “Lot 36” in Volusia County, Florida..[1] We reverse.
The pertinent chain of title to Lot-36 begins on March 17, 1917, when Clyde Daugherty’s parents conveyed it to him. On July 9, 1917, Clyde,, while married to Anna Louise and having a minor son, James, conveyed the title to Lot 36 to his wife, Anna Louise, without her joinder.[2]
Another daughter, Marjorie (the appellee, Marjorie E. McCormick), was born to Clyde and Anna Louise in 1920. Son James, died in 1961, ■ leaving a daughter, Annette N. Nordman, the appellant, and the granddaughter of Clyde and Anna Louise. Clyde, who died in 1964, and Anna Louise who died in 1993, lived on Lot 36 until their deaths. Anna Louise’s will included a devise of Lot 36 to Marjorie, her daughter. Marjorie contends that she is now the sole owner of the lot, rather than a co-owner as asserted by Marjorie’s niece, Annette.[3]
*311 Annette contends, and we agree, that she is the co-owner of the title to Lot 36 because the July 9, 1917 warranty deed from Clyde to his wife, Anna Louise, without' her joinder, was void because the homestead provision of the 1885 Florida Constitution, Article X, Section 4, required both spouses to join in the execution of a deed conveying homestead property. Furthermore, a gratuitous conveyance of homestead property from a husband to a wife under the 1885 Florida Constitution was void when minor children existed. See Robbins v. Robbins, 360 So.2d 10 (Fla. 2d DCA 1978). The deed is deemed to be void ab initio. See Chapman v. Chapman, 526 So.2d 131, 133 (Fla. 3d DCA 1988); see also, Sigmund v. Elder, 631 So.2d 329 (Fla. 1st DCA 1994); Robbins.
Anna Louise obtained a life estate in the homestead property when Clyde died in 1964 with remainder to Clyde’s issue, per stirpes. When Anna Louise’s life estate was extinguished by her death in 1993, the two remaining issue became co-owners in fee simple absolute of the homestead property, to wit: Marjorie, as the surviving daughter of Clyde and Anna Louise, and Annette, as the surviving child of James, the son of Clyde and Anna Louise who predeceased Anna Louise.
The trial court erred in invoking section 689.11, Florida .Statutes (1995) to validate the 1917 deed from Clyde to Anna Louise. Legislative enactment cannot modify a constitutional requirement. Sigmund v. Elder, 631 So.2d 329, 331 (Fla. 1st DCA 1994); Chapman, supra; Robbins, supra.
We vacate the portion of the trial court’s order determining the 1917 deed between Clyde Daugherty and his wife, Anna Louise Daugherty to be valid and remand to the probate court to revise the order to declare the 1917 deed void ab initio, and that Annette N. Nordman and Marjorie E. McCormick are tenants in common of Lot 36.
ORDER VACATED IN PART; REMANDED.
JACOBUS, B., Associate Judge, concurs.
COBB, J., concurs and concurs specially, with opinion.

. The actual legal description is quite lengthy. The complete description is attached to this opinion as “Exhibit A."

. Counsel for both parties declare that the Marketable Repord Title Act (MRTA), Chapter 712, Florida Statutes (1995), is not applicable to the facts of this case and we have not considered its applicability or inapplicability.

.A sketch of the relationships is attached as “Exhibit B.”