B. B. Daniels, Estelle Burnsed and Michael Carter, a married woman, who sues by her husband, Joe Carter, *Appellants,* vs. Clara Mercer, Samuel M. Mercer, J. Ludy Mercer, Cora Knowles and Solon Starling, a minor, *Appellees.*

141 So. 189.

Division B.

Opinion filed April 29, 1932.

*Stewart & Presson,* for Appellants;

*W. D. Bell* and *C. P. Covington,* for Appellees.

Whitfield, P.J.—It appears that Adam M. Mercer, the owner of homestead real estate, in 1917 joined by his wife, "for and in consideration of the sum of one dollar and other valuable considerations to them in hand paid, the receipt whereof is hereby acknowledged," executed a deed of conveyance of the homestead lands to

three of their children, the owner of the homestead having other living adult children or their descendants. The deed of conveyance was delivered to one of the grantees who kept it in his possession and had it recorded in 1921. The wife who joined in executing the conveyance of the homestead died and the husband thereafter married twice, the last wife surviving the husband who died while still living on the homestead, the conveyance containing the following provision:

"It is understood by and between the parties hereto that the parties of the first part shall use and enjoy the said property during their life or lives, and at the death of both of the parties of the first part then the parties of the second part shall have the right to the immediate possession of the said property, and each and every part thereof and not before."

In a bill of complaint brought in 1927 by children of a daughter of the homestead owner who was not among the grantees of the homestead, against the widow, the grantees in the deed and a minor grandchild of the homesteader, praying for a cancellation of the deed conveying the homestead and for partition thereof, it is alleged that when the deed was executed the homestead owner

"made and executed a will disposing of all his property with the exception of the land so deeded * * by which the said Adam M. Mercer disinherited your orators, who are his grandchildren, and made no provision for them;"

that

"the grantees in said deed did not pay any consideration therefor; that said deed was in truth and fact only an attempt on the part of Adam M. Mercer to devise and dispose of his homestead contrary to the Constitution and Laws of the State of Florida."

The defendants by answer,

"deny that the said deed was an attempt on the part of Adam M. Mercer to dispose of his homestead so as to

defeat the interest of any of the parties named in this bill of complaint; and they deny that the grantees in said deed did not pay any consideration therefor; and they deny that said deed was an attempt of Adam M. Mercer to devise and dispose of his homestead contrary to the Constitution and laws of the State of Florida; but they state the fact to be that said conveyance was a bona fide conveyance of said property for good and valuable consideration to said grantees, and that while the said Adam M. Mercer, under the terms of said deed together with his wife, did enjoy the use of said property during their said lives, that since the date of the said deed the fee simple title of said land has vested exclusively in Samuel M. Mercer, J. Luby Mercer, and Cora Knowles, defendants, herein.''

On final hearing the bill of complaint was dismissed and the complainants appealed.

Under the constitution the owner of a homestead may alienate the homestead real estate by deed ''duly executed by himself or herself, and by husband and wife, if such relation exists.'' Section 4, Article X. An alienation of the homestead may be to some of the children of the homestead owner if it is duly made in good faith for an appropriate consideration and for no illegal purpose.

In this case the deed alienating the homestead was duly executed by the homestead owner and his wife. It states a valuable consideration for its execution and the complainants did not sustain their allegation that ''the grantees in said deed did not pay any consideration therefor.'' The grantors were dead. There is substantial evidence that a valuable consideration was paid. The reservation in the deed as to user did not stop the passage of title to the grantees when the deed was delivered and the deed is not shown by ''its terms or otherwise'' to be in effect a will.

On the whole record the complainants failed to duly

prove the facts essential to the relief prayed and the bill of complaint was properly dismissed.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.