BERTHA PARRISH, *et al.,* Appellants, v. JAMES ROBBIRDS, *et al.,* Appellees.

200 So. 925
En Banc
Opinion Filed February 28, 1941
Rehearing Denied March 27, 1941

*John H. Carter & John H. Carter, Jr.,* for Appellants;
*James H. Finch* and *B. L. Solomon,* for Appellees.

THOMAS, J.—In the year 1929 the property, which it was attempted to partition in this suit in the lower court, was occupied by the owner and his wife as a homestead and on the 25th day of September of that year both of them, in a deed which was properly executed, conveyed it to two daughters "in consideration of the sum of One Dollar & other good and valuable Considerations to them in hand paid." There were at the time other children living and all of them, including the grantees in the deed, had reached their majority. The conveyance described 320 acres of land which, with the exception of the residence site, was cultivated and used as a farm. The deed contained the following provision:

"It is a part of this conveyance, and a distinct condition of same, that said C. C. Robbirds and wife shall remain in possession and control of the above property until the death of said C. C. Robbirds, and this conveyance shall not become fully and completely absolute until after the death of said C. C. Robbirds; but at that time it shall vest absolute title in the grantees herein."

Seventeen days after its execution the instrument was placed on record, and within a few months thereafter the wife died. In March, 1939, the husband died also. There-upon, the children not named as grantees in the deed and the children of a daughter long deceased filed their bill asserting that the conveyance which we have described was in legal effect a will and praying that their respective rights be determined and the land partitioned, or sold and the

proceeds divided among them, in proportion to the share that each of them hold.

The chancellor found that the deed was void so far as it affected that part of the property (160 acres) occupied as a homestead, and ordered a partition of the remainder.

There was uncontradicted evidence that the grantees had remained in the home for the entire period from the execution of the deed until the death of the father, and there was substantial testimony that the conveyance was a reward for services they rendered to the parents in their declining years while the other children maintained homes elsewhere. Inasmuch as the chancellor held the instrument valid as to the 160 acres in excess of the amount allowed as a homestead under the Constitution and no complaint of the decree is made by the appellees the question is narrowed to the one whether the conveyance was effectual to transfer that half of the property actually occupied as a homestead at the time of the execution and delivery of the instrument. It is important to bear in mind that on the date of the deed the grantors, husband and wife, were living on the land with grantees, two adult daughters; that soon after its execution the mother died and for ten years occupancy was continued by the father and these two children.

This case is very similar to one decided by this Court (Daniels, *et al.,* v. Mercer, *et al.,* 105 Fla. 362, 141 So. 189) upon which the appellants rely. There, as here, the deed was given in consideration of the sum of one dollar and other valuable considerations, and was a transfer of a homestead to some, but not all, of the children of the grantors. A condition was included that the property should be used and enjoyed by the grantors, and upon the death of both of them "the right to the immediate possession" of the property should vest in the grantees. It was attempted to cancel the deed and partition the property because there

was no consideration for the conveyance and for the further reason that it was an attempt to dispose of homestead property contrary to the organic law. The court definitely held that the owner of the homestead had the right to alienate it by a deed executed by himself and wife, and that such a transfer could be made to some of the children if there was no bad faith, or illegal purpose, or inappropriateness of consideration. It was further decided that the reservation in the deed "did not stop the passage of title to the grantees when the deed was delivered" and also that it was not shown to be in effect a will.

It is stated by the appellees that under the provision of the deed it was not to become effective until after the death of the father, and for support of the position they cite the case of Norton v. Baya, *et al.,* 88 Fla. 1, 102 So. 361. We cannot agree that the decision governs here, nor are we impressed with the accuracy of the statement to which the rules announced in that decision are attempted to be applied. It is not proper construction of the provision in the deed that the instrument should not take *any* effect until after the death of the father but, on the contrary that it should "not become fully and completely absolute" until that eventuality. This use of the negative means to us that the antonym of "absolute" was implied and that, therefore, a "partial" transfer was intended. It is our view that the deed, upon its execution and delivery, passed title subject only to the life estate of the grantors. This title under the deed had been vested in the grantees for nearly ten years at the time the suit was brought, and we need no better authority for the conclusion than that given in Daniels, *et al.,* v. Mercer, *et al., supra.*

We have examined the case of Johns, *et al.,* v. Bowden, *et al.,* 68 Fla. 32, 66 So. 155, also relied upon by the appellees. The provision in the deed discussed there will

at a glance disclose its essential difference from the one with which we are dealing.

Having concluded that the instrument was in fact a deed instead of a will, we pass to the remaining question, namely, the consideration or lack of it, for its execution. The appellees rely upon the case of Lake v. Hancock, 38 Fla. 53, 20 So. 811, 56 Am. St. Rep. 159, as authority for the position that in the instant case the burden of showing the consideration was placed upon the defendants, appellants here. The dissimilarity between the cited case and this one is apparent upon cursory examination. In the former there was involved a contest between separate grantees of the same piece of property where the prior deed was recorded after the execution and recordation of the subsequent one, and it was held that in such circumstances the proof of the consideration fell to the lot of the grantee of the challenged deed.

In paragraph 11 of the bill of complaint in this case it was flatly charged by the plaintiffs that "there was no consideration of value for the said deed . . ." This allegation corresponds to the one quoted in the bill of complaint in Daniels, et al., v. Mercer, et al., supra, and by it the pleader undertook, in a suit of this nature, to prove the averment. In this he failed.

The record is positively devoid of any taint of illegality and besides the recital that a valuable consideration passed from the grantees to the grantors, the latter were children of the former and there is abundant evidence, as we have already written, that the land was conveyed in return for services rendered during the last days of the grantors, in one case lasting several months and in the other several years, and that during the period the grantees lived with their parents and cared for them, they actually performed work upon the property. This situation is clear to us, from

a study of the transcript, and the testimony given in an effort to refute it is so inconsiderable that we are impelled to hold that the defendant should have prevailed.

Having the conviction that the litigated instrument was a deed, not a will, and that there was a failure to show lack of consideration for it, it is the order of the court that the decree be reversed with directions to dismiss the bill of complaint.

Reversed.

BROWN, C. J., WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BUFORD and ADAMS, J. J., not participating.