MONIRA C. KNAPP, et al. v. WM. L. FREDRICKSEN
4 So. (2nd) 251
Special Division B
Opinion Filed October 24, 1941
Rehearing Denied November 3, 1941

312

*Carroll Dunscombe,* for Appellants;

*Arthur R. Clonts,* and *Harry F. Dyer,* for Appellee.

BUFORD, J.—This is the third appearance of this cause here. See Green, *et al.* v. Fredricksen, 139 Fla. 862, 191 Sou. 14; Fredricksen v. Knapp, 1 Sou. (2nd) 181.

After the mandate went down affirming the decree of foreclosure Richie Knapp filed petition to be allowed to intervene and set up a claim of title to the property involved. Petition was denied with leave to amend. Amended petition was filed and denied. Appeal was entered.

There was no effort made to charge the estate of Richard H. Knapp deceased, with personal judgment or decree for any deficiency which might exist after applying proceeds of sale and neither the executor or administrator of the estate of Richard H. Knapp was made a party to the proceedings. Therefore, the decree amounted to one of foreclosure only and no liability is adjudicated against the estate.

The record shows that the deed under which Richard H. Knapp and Monira C. Knapp, the mortgagors, acquired the title to the mortgaged lands was made to "Richard H. Knapp and Monira C. Knapp, his wife."

In Menendez, *et al.* v. Rodriguez, 106 Fla. 214, 143 Sou. 223, we held:

"As shown above, the common law of England is expressly made a part of the law of Florida; and by the rules of the common law a conveyance of real estate in fee simple to husband and wife creates an estate by entireties in them, at least where a lawful

contrary interest is not duly shown; and at the death of one spouse, the entire estate in the property vests in the survivor."

And we also held:

"Where a family home place is owned by the husband and wife, as tenants by entireties, under the common law in force in this State, upon the death of one spouse, the entire estate in the land so owned, is by operation of law vested in the survivor to the exclusion of the heirs of the deceased spouse. Where the husband is the head of the family entitled to a homestead exemption in land owned by the husband and wife as tenants by entireties, his exemption at his death terminates with his estate in the land, which land by operation of law immediately becomes the sole property of the surviving wife. As the husband's interest in an estate by entireties ceases at his death, it cannot pass to his heirs under the statute, and as they, as such heirs, have no estate or interest in the land, there is not exemption to inure to them under the Constitution. If the widow acquires and retains homestead exemption rights in property after the death of the husband, such exemption, if existing at her death, would inure to her heirs. Sec. 2, Art. X, Constitution."

See also Coleman v. Williams, 146 Fla. 45, 200 Sou. 207.

The appellant says in his brief:

"The main question involved in this appeal is, if the husband and wife take a joint deed to property, and showing no intent to specifically create an estate by the entireties, and the deed runs to the heirs of the grantees, and the grantees file a sworn declaration that such property is their homestead, and such

claim allowed; upon the death of father, does the statute of descent control, and does the fee descend to the son subject to the mother's life estate?

"The Court held it did not."

There is nothing shown in the deed which indicates that it was not the intention of the parties to take an estate by the entireties. Therefore, the rule stated, *supra,* applies in this case.

The appellant contends that because the habendum clause of the deed does not run to the survivor of the grantees, but to their heirs and assigns, this was evidence in the deed that it was not intended to create an estate by the entireties. The contention is not tenable. When the deed created an estate by the entireties the law continued the fee simple estate in the grantees and the surviving grantee until the death of the last surviving spouse, at which time the title then would vest in their heirs of the last surviving spouse. There was no title vested by the laws of descent and distribution until the death of the last surviving spouse. The fact that the estate was declared to be the homestead by the husband during his life-time can make no difference in the operation of law as to the title. That was merely evidence tending to establish the fact that the property was the homestead of the husband and wife and, as stated in the Menendez case, *supra,* the homestead status continued to exist and inure to the surviving wife after the death of the husband.

So it is that the appellant Richie Knapp acquired no interest in the property at the death of his father under the laws of descent and distribution. The appellant Monira C. Knapp could not be heard now to interpose any defense to the execution of the final

decree. She had her day in court and the final decree has become absolute on affirmance by this Court and she is, thereby, forever foreclosed of any claim which was interposed or might have been interposed prior to the final decree.

We have considered other contentions presented by the appellants and find that they are without merit. On the whole record no reversible error is made to appear. Therefore, the orders appealed from are affirmed.

It is so ordered.

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.