48 So.2d 416 (1950)
DENHAM
v.
SEXTON et al.
Supreme Court of Florida, Division B.
November 3, 1950.
*417 Clyde Mayhall, Marianna, for appellant.
W.A. Smith, Marianna, for appellees.
SEBRING, Justice.
The appellant brought suit to cancel certain deeds as clouds upon his title. In his bill he showed that one Harvey and wife had been the owners as tenants by the entireties of a tract of farm land which they occupied as a homestead. Harvey and wife deeded portions of this property as gifts to several of Harvey's children by a former marriage. Subsequently Harvey died. Thereafter Harvey's widow executed a deed purporting on its face to convey to the appellant the entire tract of land formerly owned by the widow and her husband, including the portions theretofore deeded to Harvey's children. Thereupon the appellant brought the present suit to set aside the prior deeds to Harvey's children on the ground that they were void because given without consideration. A motion to dismiss the bill was granted and the appellant has appealed from the ruling.
As we understand the theory of the appellant's case, it is as follows: Under Article X of the Constitution, F.S.A., real property owned and occupied by the head of a family as a homestead is "exempt from forced sale under process of any court". Real property owned by a husband and wife as an estate by the entireties may be claimed by the parties as homestead. While it retains its homestead character it is exempt from forced sale by reason of the exemptions created by Article X. Being protected by the exemptions it should be subject to the restrictions of the Article, which prohibit the alienation of such property without consideration. The deeds to Harvey's children having been given by Harvey and wife while the property was homestead, the deeds were void and hence should be cancelled as clouds upon the appellant's title.
We do not see how the appellant can be heard to question the validity of the deeds given to Harvey's children, inasmuch as he was a complete stranger to the title until he received his deed from Mrs. Harvey. At the time of this conveyance Mrs. Harvey was the absolute owner of so much of the property as had not been previously conveyed to Harvey's children. The deeds to the children were on record, and the appellant was accordingly on notice that Mrs. Harvey could not convey the entire acreage. Moreover, so far as the record *418 shows, the appellant was not of that limited class of persons who under exceptional circumstances may be heard to question the validity of a deed given to homestead property.
But aside from this, we know of no authority which sustains the position taken by the appellant that the deed to Harvey's children should be declared invalid. It is true that in some of the cases decided by this court deeds to homestead property which were given without consideration have been set aside at the instance of heirs or other persons similarly interested, under facts disclosing a fraudulent intention to circumvent or evade the effect of the homestead laws. See Thomas v. Craft, 55 Fla. 842, 46 So. 594; Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Church v. Lee, 102 Fla. 478, 136 So. 242; Bess v. Anderson, 102 Fla. 1127, 136 So. 898. Compare Daniels v. Mercer, 105 Fla. 362, 141 So. 189; Parrish v. Robbirds, 146 Fla. 324, 200 So. 925.
But except under the peculiar circumstances dealt with in the cases cited, the only restrictions we know anything about with respect to alienation of homestead property by deed, whether with or without consideration, are those contained in sections 1 and 4 of Article X of the Constitution, which provide: "* * * the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * * Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead * * * by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists * * *." See Scoville v. Scoville, Fla., 40 So.2d 840.
Manifestly, the facts of the case at bar do not bring the appellant within that class of cases wherein the court has held the giving of consideration to be necessary as a condition to the validity of a deed. But even if they did, there would be another factor in this case which would preclude the appellant from relying on the cases he cites as authority for the position he urges: In the cases wherein deeds to homestead property have been set aside by this court because executed in fraud of persons who, except for the execution of the instruments, would have had an interest in the property upon the death of the head of the family, the property involved was property title to which was vested solely in the family head. Consequently, it was property in respect to which homestead benefits would inure to the widow and children upon the death of the owner.
Property of this character is not involved in the case at bar, it being plain that during the life of Harvey the title to the property was held as an estate by the entireties. As respects property so held, it becomes upon the death of one spouse the sole property of the remaining spouse to the exclusion of the heirs of the decedent, even though occupied during the lifetime of both parties as a homestead. See Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223; Knapp v. Fredericksen, 148 Fla. 311, 4 So.2d 251. The homestead provisions of the Constitution adopted for the benefit of heirs of the head of a family to take effect upon his demise do not apply to such property and it may be disposed of by tenants by the entireties as may any other property not exclusively owned by the head of a family and occupied by him as a homestead. The fact that exemptions from liens and forced sales may be claimed by the head of a family during his lifetime on a home place owned by the husband and wife as tenants by the entireties makes no difference in the operation of the law as respects the right of the tenants by the entireties to make a conveyance of the property in the same manner as any other property owned by the tenants may be conveyed.
The order appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.