69 So.2d 178 (1953)
REGERO
v.
DAUGHERTY.
Supreme Court of Florida. Division A.
December 8, 1953.
Rehearing Denied January 20, 1954.
*179 Fred S. Rizk, Jacksonville, for appellant.
Walter C. Shea, Jacksonville, for appellee.
SEBRING, Justice.
The plaintiff below has appealed from a final decree rendered in favor of the defendant in a suit brought to cancel a deed to homestead property on the ground that it was procured by the grantee through fraud and deceit and without payment of consideration.
According to the record, L.L. Daugherty and Maude F. Daugherty, his wife, purchased, in 1935, a certain residence property in Jacksonville, Florida. They made their home on the property until the death of L.L. Daugherty in 1941, at which time the fee-simple title became vested in Maude F. Daugherty as surviving tenant by the entirety. Prior to the death of L.L. Daugherty the four children of the parties had reached their majority and had established homes elsewhere.
Shortly after L.L. Daugherty died, the defendant, a divorced daughter, moved into the home property and lived there with her mother until the latter died on June 4, 1951. There is evidence that the daughter moved into the home at the request of her father, made shortly before his death, in order to take care of her mother.
As early as 1947 the mother's health began to decline and finally she became bedridden, but there is evidence that she was mentally competent up to about two or three months before her death.
*180 On February 11, 1943, Maude F. Daugherty executed a will in which she devised the home property to such children as should survive her, share and share alike, but with the provision that the defendant should use and occupy the residence as her home so long as she should remain unmarried. Subsequently, on March 14, 1950, Maude F. Daugherty deeded the home property to the defendant in fee simple. Shortly following the execution of the deed the plaintiff, a daughter, made demands upon the defendant to reconvey the property to the mother, but the defendant refused to make the reconveyance. Thereafter a conference took place at which were present the mother, the plaintiff, the defendant, and a brother of the parties. Despite this conference the defendant still persisted in refusing to reconvey the property.
The mother lived for approximately one year following the meeting, and during said period never made any effort to procure a rescission of the deed or a surrender of the title to the property. Upon her death this suit was instituted by the plaintiff for the purpose of setting aside the deed on the ground that it was a deed to homestead property that had been procured through fraud and deceit and without a valid consideration for the conveyance.
After the taking of extensive testimony on the issues made by the complaint and answer, the special master concluded (1) that the property was homestead in character, (2) that notwithstanding the character of the property the conveyance was valid, (3) that the deed had not been procured by deceit, artifice, fraud, undue influence or duress, and (4) that continuously for 10 years prior to her death, the defendant rendered valuable services to the mother that were of a character that could not have been satisfactorily performed by anyone other than someone with a strong personal interest in her welfare, and that that constituted a valuable consideration for the conveyance.
The chancellor approved the findings of the master and dismissed the complaint, and this appeal followed.
We construe the finding of the lower court to the effect that the property involved was homestead in character as an adjudication that at the time of her death Mrs. Daugherty resided on the property, which she owned as surviving tenant by entireties, and was the head of a family consisting of herself and the defendant. Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223; Knapp v. Fredricksen, 148 Fla. 311, 4 So.2d 251; Norman v. Kannon, 133 Fla. 710, 182 So. 903; Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448; Davis v. Miami Beach Bank & Trust Co., 99 Fla. 1282, 128 So. 817; Caro v. Caro, 45 Fla. 203, 34 So. 309; DeCottes v. Clarkson, 43 Fla. 1, 29 So. 442. And inasmuch as the defendant has not questioned this adjudication by appropriate cross-assignment of error the correctness of this finding is not open to inquiry as between the parties to this appeal. Florida Nat. Bank of Jacksonville v. Kassewitz, 156 Fla. 761, 25 So.2d 271; Henderson v. Usher, 125 Fla. 709, 170 So. 846. The issue, therefore, is whether property upon which the fee-simple owner resides as the head of a family may be conveyed by the owner and if so, the nature of the consideration that must support such a conveyance.
The law in respect to property held as an estate by the entireties is that such property "becomes upon the death of one spouse the sole property of the remaining spouse to the exclusion of the heirs of the decedent, even though occupied during the lifetime of both parties as a homestead." Denham v. Sexton, Fla., 48 So.2d 416, 418. When the whole estate vests in one spouse as a surviving tenant by the entireties, such homestead character as may thereafter accrue is by virtue of the fact that the surviving spouse has become the head of a family within the intendments of Article 10 of the Florida Constitution, F.S.A., and not because it retains its original character as homestead of the decedent spouse because he was the head of a family prior to his death. Menendez v. Rodriguez, supra.
Homestead property is subject to conveyance just as any other property. As sections 1 and 4 of Article X of the Constitution *181 provide: "* * * the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * * [but] Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead * * * by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists * * *." (Emphasis supplied.) Scoville v. Scoville, Fla., 40 So.2d 840. The only restriction in respect to the alienation of a homestead by deed or mortgage, duly executed by the husband and wife, or by the surviving spouse when such spouse is vested with the whole estate in the property, is that the conveyance may be subject to attack by homestead beneficiaries unless it is free from fraud, deceit, undue influence or duress and for a valuable consideration. Church v. Lee, 102 Fla. 478, 136 So. 242; Jackson v. Jackson, 90 Fla. 563, 107 So. 255. Compare Florida Nat. Bank v. Winn, 158 Fla. 750, 30 So.2d 298.
In the instant case the court below found that the plaintiff had failed to establish that deceit, artifice, fraud, undue influence, duress, or other improper influence had been exerted upon the deceased grantor in the procurement of the deed to the homestead property. We find ample evidence in the record to sustain this finding.
As to the nature of the consideration that was given by the defendant to the mother for the conveyance of the property the lower court found, in substance, that for a continuous period of 10 years prior to the death of the mother the daughter rendered valuable services in the household that were of a character that could have been satisfactorily performed only by someone with a strong personal interest in her welfare. There was evidence to support this finding, and we agree with the lower court that the performance of such services "constituted a valuable consideration for the conveyance." Parrish v. Robbirds, 146 Fla. 324, 200 So. 925; Daniels v. Mercer, 105 Fla. 362, 141 So. 189.
While there is some contention by the plaintiff that the mother amply compensated the daughter for the services rendered, by giving her board and room, placing an automobile at her disposal, and paying her a monthly salary, the evidence in this regard is that these things were made available to the defendant, not by the mother, but by a brother of the defendant who contributed a continuing sum of a considerable amount of money to the mother and his sister, so that the mother would be cared for in her declining years in an adequate and comfortable station.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.