### PORTER, et ux v. KANY.
### No. 27326.

Circuit Court, Volusia County.

July 7, 1958.

Raymond, Wilson, Karl & Fink, Daytona Beach for plaintiffs.

Alfred E. Hawkins, Daytona Beach, for defendant.

HORACE D. RIEGLE, Circuit Judge.

This cause came on for final hearing, after due notice on June 25, 1958, upon the plaintiffs' second amended complaint, the defendant's answer thereto, and the special examiner's report containing the testimony and exhibits offered in evidence in the cause. All matters of fact and law were thoroughly argued by counsel for the parties and the court has now fully considered the evidence, the pleadings, and the argument of counsel.

On April 19, 1944, A. McF. Porter and Louise Porter, by warranty deed, conveyed a certain parcel of real estate in Daytona Beach, which was their homestead, to their only children, Kathleen P. Kany, the defendant, and Richard O. Porter, one of the plaintiffs, reserving to the grantors a life estate to themselves and the survivor of them.

On the same date, the plaintiffs, Richard O. Porter and his wife, Irene K. Porter, conveyed, by warranty deed, the same property to the defendant, Kathleen P. Kany, and subject to the aforesaid life estate.

The evidence indicates that both deeds were delivered to the defendant immediately after their execution but that she being ill could not then record them and her father, A. McF. Porter, gave her permission to place the deeds in his safety deposit box in a local bank.

On September 6, 1951, at the insistence of the father, he, in the company of the defendant had the deeds recorded. The plaintiffs' pleadings and evidence indicate the fact of the recording was not discovered by them until about April of 1953. On October 15, 1957, this suit was instituted by the plaintiffs to set aside the aforementioned deed from them to the defendant.

The plaintiffs contend—(1) that the deed of April 19, 1944 from them to the defendant was not legally delivered to the defendant, (2) that said deed, if delivered, was only conditionally delivered and the condition was not fulfilled, (3) that the deed was not supported by lawful consideration, and (4) that the description in the deed was defective. With respect to such contentions the burden of proof is, of course, upon the plaintiffs. While the court recognizes that the witnesses were not heard by the court and that therefore the court's findings are not entitled to the same weight as the verdict of a jury, the court is convinced, after a thorough study of

the pleadings and evidence, that the plaintiffs have failed to sustain the burden of proof by a preponderance of the evidence. Accordingly, the court finds—

1. The deed of April 19, 1944, from the plaintiffs to the defendant, was legally delivered and there was no condition attached to such delivery. The reason assigned by the plaintiffs for the alleged condition of delivery, to-wit: that the parents, A. McF. Porter and Louise Porter, wished to visit the defendant and her husband in the North to ascertain whether their marriage was successful, actually could not exist. The evidence shows that at the time of the execution of the deed the defendant and her husband were visiting in the home of her parents and had been there for several weeks. The evidence also shows that they had spent many months visiting in the home of the defendant's parents between 1940 and 1944 and the parents obviously had ample time to ascertain whether the marriage was successful. There was, therefore, no existing reason why the parents would make a trip North to ascertain whether the marriage was successful and if they found that it was not thereupon to deliver the deed to the defendant. Although the plaintiff, Richard O. Porter, testified that the parents left for the North to visit the defendant and her husband shortly after the deed was executed, the evidence, including some documentary evidence, shows conclusively that the father, A. McF. Porter, did not make the trip North until more than three years after the execution of the deed. The evidence also shows that the plaintiffs understood the transaction which had been fully explained to them by the attorney for the parents. That the plaintiff, Richard O. Porter, fully understood that there was no condition attached to the conveyance is shown by a letter written by him to the defendant two years prior to the execution of the deed, in which he disclaimed any interest in the property and stated that he wanted the defendant to have the property and that he would sign any necessary papers and would never cause any trouble about it. There is in fact no competent evidence in the record to indicate that the deed in question was not delivered or that there was any condition attached to its delivery.

2. Likewise, there is no competent evidence in the record to sustain the plaintiffs' contention that the deed in question was not supported by lawful consideration. In looking at the transaction in its entirety—including not only the deed in question but the deed from the parents to the son and daughter—it appears obvious that at the time the deed in question was executed, the parents were distributing their property to their children and they utilized the transaction as a means of making an equitable distribution to

the members of the family. At the time that the deed in question was executed in favor of the defendant, the parents were arranging for other property or the sales proceeds of other property to be conveyed to the son, Richard O. Porter, and he actually received the same. The evidence also shows that the son for a period of approximately 26 years had been permitted by the father to operate a garage upon the father's property rent free, and there is some evidence to the effect that the father contributed financially to such garage business. The evidence further shows, without dispute, that the defendant contributed her efforts and certain funds for the support of her parents prior to the execution of the deed on April 19, 1944. After the deeds were executed and although the parents had the sole enjoyment of the property covered by the deeds for many years, the defendant paid all taxes, insurance and maintenance on the property and made many improvements thereon and replaced some of the furnishings. Her total expenditure therefor, after the execution of the deeds, was approximately $10,000.

The deed in question from the plaintiffs to the defendant is regular in form, properly recites a consideration, and appears to have been duly executed and acknowledged in accordance with the laws of this state. While the plaintiffs challenged the sufficiency of the description contained in the deed, the only evidence in the record is to the effect that the description is sufficient—and the plaintiffs abandoned this contention at the final hearing.

4. The evidence shows that the property conveyed by the two deeds of April 19, 1944 was homestead property at the time, and that the attorney for the parents fully explained to them and to the plaintiff and the defendant that the transaction was the proper means by which the parents could convey such homestead property to their daughter, the defendant. Even though it appears that the property in question at the time the deeds were executed was a homestead as established by article 10, section 4 of the Florida constitution, it could be conveyed to part of the children of the owners, as stated in Daniels v. Mercer, (Fla. 1932), 141 So. 189—

> "Under the constitution the owner of a homestead may alienate the homestead real estate by deed 'duly executed by himself or herself, and by husband and wife, if such relation exists.' Section 4, article 10. An alienation of the homestead may be to some of the children of the homestead owner if it is duly made in good faith for an appropriate consideration and for no illegal purpose.'

This principle was approved in Parrish v. Robbirds, 200 So. 925, in which our Supreme Court held that services rendered to the

parents constituted sufficient consideration for the conveyance of the homestead to part of the children. Both of the foregoing cases were recently approved and followed in Regero v. Daugherty (Fla. 1953), 69 So. 2d 178, in which services rendered by a daughter to her parents were found to be sufficient consideration to support the conveyance of a homestead. Inasmuch as the deed in question was executed under seal, the principle recognized in Wise v. Wise (Fla.), 184 So. 91, regarding consideration is pertinent. In that case the court held that a deed of property from a father to a son is not void for want of consideration because the deed, being under seal, imported a consideration at law. This case was later followed in Scoville v. Scoville (Fla.), 40 So. 2d 840, in which the court held that the recital of consideration in a deed under seal from a man to his intended wife imported a lawful consideration to support the conveyance of homestead property. In Drumright v. Dana, (Fla.), 190 So. 54, a conveyance from a husband and wife to their daughter-in-law was held to be supported by sufficient consideration because of the sympathetic attention she had given them for many years. Under the principles recognized in the foregoing decisions the evidence in the instant case clearly establishes that there was ample consideration to support the conveyance in question.

It is therefore, ordered, adjudged and decreed that the equities in this cause are with the defendant and against the plaintiffs, and that the plaintiffs' second amended complaint is dismissed with prejudice at the plaintiffs' cost, and judgment is rendered for the defendant.

It is further ordered, adjudged and decreed that the plaintiffs take nothing by their suit, and that the defendant go hence without day.