Alma Lloyd **GREGORY** and Pauline Lloyd Lassiter, Plaintiffs,

v.

**Russell LLOYD**, Roma G. Lloyd, Annie Mae Lloyd Jones, Myrtice Lloyd Baisden, Essie Lloyd Blanton, Eubert G. Lloyd, Betty Lloyd Crawford, Adone Lloyd, Jr., and Vera Lucille Lloyd Jackson, Defendants.

Civ. A. 1644.

United States District Court
N. D. Florida,
Pensacola Division.

April 11, 1968.

William H. Anderson, Pensacola, Fla., for plaintiffs.

Allen W. Lindsay, Milton, Fla., for defendants.

### MEMORANDUM OPINION

ARNOW, District Judge.

This cause came on regularly for trial on April 3, 1968, before the Court sitting without a jury, William H. Anderson having appeared as counsel for Plaintiffs, and Allen W. Lindsay having appeared as counsel for Defendants. The Court has heard the testimony and has examined proof offered by the respective parties and heard argument by counsel for the parties, and the cause has been submitted for decision.

This opinion incorporates findings of fact and conclusions of law.

Jurisdiction is vested in the Court by reason of diversity of citizenship of the parties, and the fact that the matter in controversy in the cause exceeds in value, exclusive of interest and cost, the sum of $10,000.00.

This is a suit for partition of real property in Santa Rosa County, Florida. It is admitted for trial purposes by the parties that the real property involved

was owned by Thaddeus C. Lloyd, (also known as T. C. Lloyd,) prior to his death in 1954, and that such property was homestead property under the law of Florida at the time of his death, unless a deed dated July 23, 1949, recorded in Deed Book 82, page 272, public records of Santa Rosa County, Florida, in evidence as Defendant's exhibit 1, was effective to convey title to the real property to the Defendant, Russell Lloyd. The parties are all children of Thaddeus C. Lloyd, or the heirs of such children as are deceased.

Plaintiffs contend that such deed is void for the reason that it is a conveyance of homestead property from father and mother to son, without an appropriate consideration, and is a sham deed to the detriment of other heirs who would normally participate in the homestead property. Defendant contends that the deed, being duly recorded, has a presumption of validity which may only be overcome by the Plaintiffs carrying the burden of proof by preponderance of the evidence that such deed is, in fact, a deed without appropriate consideration, or is a sham deed.

The property conveyed by Defendant's exhibit 1 was homestead property under Florida law at the time of its execution. The deed established by Defendant's exhibit 1 was duly executed and delivered to the Defendant, Russell Lloyd, and by him duly recorded. Such deed contains a reservation on the part of the grantors of the right to the proceeds and living quarters on such land during their lifetime.

In Florida, property impressed with homestead status descends on the death of the owner to his widow for life with vested remainder to the lineal descendants in being at the time of the death of the decedent. F.S. 731.27, F.S.A. Therefore, unless the deed executed by Thaddeus C. and Charlotte Lloyd to Russell Lloyd was effective to convey title, the Plaintiffs were vested as tenants-in-common with the fee simple title in remainder to the property in question upon the death of Thaddeus C. Lloyd in 1954 and partition would lie.

It is well established in Florida that homestead property may be conveyed by deed duly executed by husband and wife just as any other property. Regero v. Daugherty, 69 So.2d 178, 180 (Fla.1953). Where the attempted conveyance is to one of the grantor's children it is nevertheless effective if done in "good faith for appropriate consideration and for no illegal purpose." Fla. Const. Art. 10, § 4, F.S.A.; Daniels v. Mercer, 105 Fla. 362, 141 So. 189, 190. All conveyances of homestead property may be subject to attack by homestead beneficiaries unless "free from fraud, deceit, undue influence or duress and for a valuable consideration." Regero v. Daugherty supra. In this case, Plaintiffs have neither alleged nor proved any facts which could be construed to constitute fraud, deceit, undue influence or duress. Plaintiffs' attack upon the deed in question was confined by pre-trial order dated October 25, 1967, to two issues—lack of consideration and sham. In Florida, the "valuable consideration" necessary to support a conveyance of homestead property to a child of the grantor has been held satisfied by services performed by the child to the parents where such services "could have been satisfactorily performed only by someone with a strong personal interest" in the parents' welfare. Regero v. Daugherty, supra; citing: Parrish v. Robbirds, 146 Fla. 324, 200 So. 925; Daniels v. Mercer, supra.

It appears from the evidence, and the Court finds, that Russell Lloyd did provide sufficient and appropriate consideration, for the conveyance to him, through the providing of services to his father and mother during their lifetime in staying on the property, and working on it, and helping them to take care of it, during their declining years. The evidence establishes that such services were performed by him for a period of approximately seventeen years—from about 1940 until the date of his father's and

mother's death in 1954 and 1957, respectively. During a considerable portion of that period of time, he was the only one of the children who resided on the property and worked with his father and mother in caring for it, and in looking after them. As one of the witnesses rather tersely and graphically described his services: "He done anything come to hand."

There is also credible evidence, and this court determines from the evidence, that, in addition, there was paid consideration in the amount of $700.00 by Russell Lloyd to his father as a part of the consideration for this deed. The stamps on the deed support a finding that this consideration was paid. Moreover, the evidence is insufficient to overcome the probative effect flowing from the document signed by the grantors in evidence as Defendant's exhibit 5 that Defendant Russell Lloyd paid to his father the $700.00 referred to therein. However, the Court also finds that, absent that payment, there was sufficient valuable consideration through services rendered to support amply the validity of the deed involved in this case.

The deed in this case was challenged also on the ground that it was a sham deed. It is clear that the deed was, in fact delivered, so that it could not, under any circumstance, be a sham deed. For the deed to be a sham there would have to be evidence that the parties did not intend for it to be effective as a duly delivered deed conveying title, and no testimony or evidence indicates that such was the case.

The Court has sustained Defendant's objections to certain testimony proffered to the effect that Thaddeas Lloyd and his wife were motivated in executing and delivering this deed by intention to qualify for welfare payments, on the ground that such is hearsay testimony. Had such evidence been admitted, it could not and would not support a finding that this deed was, in fact, a sham deed. To the contrary, if anything, such excluded evidence would tend to show that the deed was intended as a transfer of title to qualify the grantor for state welfare aid if, in fact, he was so motivated.

Under Florida law, as parties have agreed, the deed, being validly executed and recorded, carried with it a presumption of validity so that the burden is on the plaintiffs to establish its invalidity by reason of lack of sufficient consideration, or for other reason. Plaintiffs have not carried that burden.

Judgment in this case must be entered in favor of Defendant Russell Lloyd and against the Plaintiffs, and this cause must be dismissed at Plaintiffs' cost, with costs to be taxed and judgment entered by the Clerk against the Plaintiffs.

Judgment will be entered in accordance with this opinion.