MANN, Chief Judge.
“An alienation of the homestead may be to some of the children of the homestead owner if it is duly made in good faith for an appropriate consideration and for no illegal purpose.” So said Mr. Justice Whitfield, in Daniels v. Mercer, 1932, 105 Fla. 362, 141 So. 189, 190. And all of the cases are to like effect: Parrish v. Robbirds, 1941, 146 Fla. 324, 200 So. 925; Regero v. Daugherty, Fla.1953, 69 So.2d 178; Gregory v. Lloyd, N.D.Fla.1968, 284 F.Supp. 264.
We have in this case a finding of fact that Doyle Parker and his wife moved onto the homestead of R. L. Parker and Violetta Parker and cared for them. The court found against undue influence as a motivation for the conveyance of the homestead to Doyle Parker. The finding that the record “does not show sufficient consideration for the conveyance” is the erroneous one, and the cases above cited show that. The appellee has brought not one case to this court’s attention in support of the judgment appealed from, and we can find none. It rests solely upon a misapprehension of the law. The trial judge stated that “There is no evidence of any contract to render services to R. L. and Violetta Parker in consideration of said conveyance, and the services rendered was at least the moral obligation of Doyle Parker.” Regero v. Daugherty, supra, is the only one of the four cases cited in which it appears that there was any prior agreement to render service, and did not speak of such a prior agreement as a prerequisite. In fact, the Supreme Court in Parrish v. Robbirds, supra, speaks of the conveyance as “a reward for services . rendered to the parents in their declining years,” and reversed a decree denying effect to the deed.
There is nothing in the record to indicate that the conveyance of 560 acres in 1950 was intended as compensation for future services, and certainly not such as to invalidate another conveyance 8 years later. As to whether this was “ample compensation,” it is not for us to evaluate. As Williston says: “It is an ‘elementary principle that the law will not enter into an inquiry as to the adequacy of the consideration.’ This rule is almost as old as the law of consideration itself. Therefore anything which fulfills the requirements of consideration will support a promise whatever may be the comparative value of the consideration, and of the thing promised.” [1]
Reversed and remanded.
LILES, J., concurs.
HOBSON, J., dissents, with opinion.

. Williston on Contracts § 115 (3d ed. 1957).