In re THOMAS, Ricardo, Thomas, Jacqueline P., Debtors.

Bankruptcy No. 94–02002–6B7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 21, 1994.

Andrew Baron, Orlando, FL, for debtors.

John Meininger, Orlando, FL, for trustee.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on the 22nd day of June, 1994, before Arthur B. Briskman, Bankruptcy Judge. Andrew Baron appeared for the Debtor. John Meininger appeared for the Trustee.

The Trustee objected to the Debtor's claim of exemption pursuant to Title 11 U.S.C. § 522 and *Fla.Stat.Ann.* §§ 222.29–.30.

## FINDINGS OF FACT

The facts are undisputed. The Debtors, Ricardo and Jacqueline Thomas, filed for relief under Chapter 7 of the Bankruptcy Code on April 14, 1994. Two days prior to filing their bankruptcy petition and after consultation with their attorney, the debtors sold their automobile, which was free of liens, for $6,000. Approximately $5,400 of the proceeds from the sale of the non-exempt automobile went towards mortgage payments on their exempt homestead. These transactions were for purposes of maximizing their exempt property. The Debtors properly understood exempt status to mean property which is not part of the estate and, therefore, is not subject to the Trustee's administration for benefit of creditors.

## CONCLUSIONS OF LAW

■ The sole question before the Court is whether the Debtors' conversion of non-exempt assets into exempt assets was a fraudulent conveyance which precludes homestead exemption in the amount of said conversion. The Court finds in the affirmative.

Florida courts have long acknowledged, in principle, that fraud against creditors trumps the special status homestead exemptions typically enjoy. *In re Hersch,* 23 B.R. 42, 45 (Bankr.M.D.Fla.1982). In practice, however, judicial identification of what constituted "fraud" in the context of pre-bankruptcy asset conversions remained contentious. While federal law is silent on this matter, the federal legislative history broadly endorses the legitimacy of such conversions. Given that states can opt-out of the federal exemption law, the impact of that Congressional legislative history varies considerably. It varies not only between states but also within particular states over time. These recent changes in Florida law clarify both the role and the substance of state law.

1. *Fla.Stat.Ann.* § 222.29 No exemption for fraudulent transfers.—

An exemption ... is not effective if it results from a fraudulent transfer or conveyance as provided in chapter 726.
*Fla.Stat.Ann.* § 222.30(2) Fraudulent asset conversions.—

Title 11 U.S.C. § 522 delineates exemptions available to debtors. The Bankruptcy Code does not address pre-bankruptcy asset conversions for the purpose of maximizing those exemptions. The legislative history, however, contains the following commentary.

As under current law, the debtor will be permitted to convert non-exempt property into exempt property before filing a bankruptcy petition. *See Hearings,* pt. 3, at 1355–58. The practice is not fraudulent as to creditors and permits the debtor to make full use of the exemptions to which he is entitled under law. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 361 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6317.

The Code, § 522(b), further provides that states can opt out of the federal exemption law. Florida has opted out. The Florida Constitution Art. X, § IV and Florida Statutes (*Fla.Stat.Ann.* § 222.201 *et seq.*) delineate the exemptions available to its citizenry. And in crafting their own exemption laws, states such as Florida condemn exemptions for property acquired through fraudulent conversions.

■ The 1993 amendments to the Florida Statutes, § 222.29–.30, bar homestead exemptions resulting from "fraudulent asset conversions"—those made by the debtor "with intent to hinder, delay, or defraud the creditor."[1] The Court, when construing a statute, is "obliged to give effect, if possible, to every word ... used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). Each word is "to be given their ordinary meaning in the absence of persuasive reasons to the contrary." *Burns v. Alcala,* 420 U.S. 575, 580, 95 S.Ct. 1180, 1184, 43 L.Ed.2d 469 (1975). As such, a Debtor's intent to hinder, to delay, and to defraud warrant individual consideration. *In re Smiley,* 864 F.2d 562, 568 (7th Cir.1989). A finding of any of the three provides ade-

Any conversion by a debtor of an asset that results in the proceeds of the asset becoming exempt by law from the claims of a creditor of the debtor is a fraudulent asset conversion as to the creditor ... if the debtor made the conversion with the intent to hinder, delay, or defraud.

quate grounds to disallow a claimed exemption.

 A significant body of case law exists regarding what constitutes evidence of intent for purposes of fraudulent conversions. The facts of this case renders that question largely moot. When a debtor acknowledges transferring property with the intent of placing it beyond the reach of creditors, he demonstrates "an actual intent to hinder or delay a creditor." *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir.1986).

The 1993 amendments incorporate by reference Florida's pre-existing fraudulent conversion law, *Fla.Stat.Ann.* § 726.105. Judicial determination of the legitimacy of a conversion, without regard to the nature of the exemption, is consistent with legislative intent. The state legislature also explicitly designates fraudulent conversions as a basis for denying an exemption. Federal law and legislative history pertaining to this issue, scant as they are, should neither be applied in lieu of Florida law nor unduly influence the plain interpretation thereof.

This case is about limitations which the Florida legislature prescribed on the Debtor's right to maximize an exemption to prevent fraud against creditors. The Debtor's conversion of a non-exempt asset to an exempt asset, after consultation with an attorney, in anticipation of filing for relief under the Bankruptcy Code constituted an intentional hinderance or delay of the creditors and is, therefore, fraudulent. *See, e.g., Ameritrust Nat'l Bank v. Davidson (In re Davidson)*, 164 B.R. 782 (Bankr.S.D.Fla. 1994). In accordance with *Fla.Stat.Ann.* §§ 222.29–.30, the Debtor's homestead exemption is disallowed in the amount of said conversion. The converted funds are property of the bankruptcy estate subject to recovery by the Trustee.