In re Suzanne K. HENDRICKS, Debtor.

Bankruptcy No. 98–03759–6J7.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Feb. 11, 1999.

Nicholas B. Bangos, Wolff, Hill, McFarlin & Herron, P.A., Orlando, Florida, for debtor.

Steven R. Brownstein, Coral Gables, Florida, for creditors.

Leigh R. Meininger, Orlando, Florida, trustee.

## MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

KAREN S. JENNEMANN, Bankruptcy Judge.

The Chapter 7 trustee, Leigh R. Meininger (the "Trustee") and creditors, Matthew V. Herron, Kathleen E. Wren, Meisenheimer & Herron, APC, George J. Schultz, Bower and Schultz, APC, Home Insurance (the "Creditors"), have filed Objections to the Debtor's Exemptions (the "Objections") (Doc. Nos. 9, 10, 40 and 43). In response, the debtor, Suzanne K. Hendricks' (the "Debtor"), filed a Motion for Partial Summary Judgment (the "Debtor's Motion") (Doc. No. 39), and the Trustee filed a Cross Motion for Summary Judgment (the "Trustee's Motion") (Doc. No. 44). Both the Trustee and the Debtor now contend each is entitled to summary judgment as a matter of law insofar as the Objections relate to the exemption of the Debtor's homestead property. After considering the pleadings, oral argument, and positions of interested parties, the Debtor's Motion is granted, and the Trustee's Motion is denied.

*Undisputed Facts.* Prior to moving to Florida, the Debtor lived and individually owned a residence in California. Her husband had no interest in the Debtor's house in California. On August 7, 1997, the California Superior Court awarded a large judgment of $183,000 against the Debtor and in favor of the Creditors. Shortly

thereafter, the Debtor sold her California residence and, in September 1997, the Debtor and her spouse together purchased a home located at 4680 Canard Road, Melbourne, Florida (the "Home"). The Debtor bought the Home for $204,000 using her own personal funds to make the cash payment. The Home is jointly titled in the name of the Debtor and her non-filing spouse. Numerous other facts involving the Debtor's motivation in moving to Florida, her intent in paying cash to purchase the Home, and the history of the Debtor's cash accounts are the subject of a factual dispute between the parties.

*Objections and Cross Motions for Summary Judgment.* The Debtor filed this case seeking relief under Chapter 7 bankruptcy on April 30, 1998. On her schedules, the Debtor lists the Home as exempt homestead property relying on Article X, Section 4 of the Florida Constitution and on the fact that the Home is owned by her and her non-filing spouse as tenants by the entireties and that no creditor has a claim against both the Debtor and her husband. The Creditors and the Trustee have filed the Objections challenging the Debtor's entitlement to exempt the Home as well as other property from claims of her creditors. In their Objections, the Creditors and the Trustee assert that the Debtor is not entitled to an exemption because the Debtor fraudulently transferred nonexempt cash assets to purchase the allegedly exempt property.

The only objection relevant to the pending cross motions for summary judgment (Doc. Nos. 39 and 44) is whether the Debtor is entitled to claim an exemption in the Home. The Debtor argues in the Debtor's Motion that, even if she did fraudulently convert nonexempt cash assets to buy the Home, she still is entitled to exempt the Home from the claims of her creditors and the Trustee because the Home is owned jointly with her husband as tenants by the entireties. Only creditors with claims against both the Debtor and her non-filing spouse can execute upon the property. No such joint creditor exists. Therefore, as a matter of law, the Objections fail. Conversely, the Trustee argues in the Trustee's Motion that, because the Debtor purchased the Home with the intent to hinder, delay or defraud her Creditors, she loses any protection from either the Florida Constitution or by owning the Home with her non-filing spouse as tenants by the entireties.

Pursuant to Federal Rule of Civil Procedure 56, which is applicable in bankruptcy under Federal Rule of Bankruptcy Procedure 7056, the court may grant summary judgment when "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The burden is on the moving party to establish the right to summary judgment. *Fitzpatrick v. Schiltz (In re Schiltz)*, 97 B.R. 671, 672 (Bankr. N.D.Ga.1986).

In determining entitlement to summary judgment, the court must "view all evidence and make all reasonable inferences in favor of the party opposing" the motion. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995) (citing *Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir.1994)). In order to defeat a summary judgment motion, a factual dispute must be material to a determinative issue in this case. *Id.* In opposing a motion for summary judgment, a party may not simply rest on the pleadings but must demonstrate the existence of elements essential to the non-moving party's case and for which the non-moving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 *Debtor's Motion.* The Debtor asserts that the Objections to the exemption of her Home must fail as a matter of law because she owns her Home as a tenant by the entireties ("TBE") with her non-filing spouse and no joint creditors exist. Property owned by a debtor and a non-filing spouse as TBE is property of

the estate as defined under § 541 [1] of the Bankruptcy Code. Section 522 further provides that certain property of the debtor shall be exempt from the claims of creditors in bankruptcy. Specifically, Section 522(b)(2)(B) provides that a debtor may exempt from property of the estate:

any interest in property which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B) (1997). Accordingly, Florida law determines to what extent TBE property is exempt.

■ Under Florida law, TBE property is not given exempt status by Chapter 222 of the Florida Statutes or by the Florida Constitution. Instead, TBE property is exempt under Florida's common law because of its very nature in giving each tenant full and undivided ownership and control of the property. *In re Boyd,* 121 B.R. 622, 624 (Bankr.N.D.Fla.1989); *Hadley v. Koehler (In the Matter of Koehler),* 6 B.R. 203 (Bankr.M.D.Fla.1980). According to the Eleventh Circuit Court of Appeals, interpreting Florida law, when a married couple meets the unities of marriage, time, title, possession and interest, each spouse's interest is absolute in the entire property and the estate is not severable. *United States v. One Single Family Residence,* 894 F.2d 1511, 1514 (11th Cir. 1990). Because both parties have such an undivided interest in TBE property, the property is exempt from the claims of creditors of either individual tenant but nevertheless is subject to the claims of joint creditors. *Koehler,* 6 B.R. at 206; *In re Monzon,* 214 B.R. 38, 41 (Bankr. S.D.Fla.1997); *Grant v. Himmelstein (In re Himmelstein),* 203 B.R. 1009, 1013 (Bankr.M.D.Fla.1996).

For example, in *One Single Family Residence With Out Buildings,* 894 F.2d 1511, the Eleventh Circuit Court of Appeals refused to allow the criminal forfeiture of TBE property when one spouse was not involved in the criminal activity. The court held that, under Florida law, property that is owned by husband and wife as TBE is inseverable. *Id.* at 1514. "Neither spouse can sell, forfeit or encumber any part of the estate without the consent of the other ..." *Id.* For this reason, the home could not be forfeited under federal forfeiture laws when the wife was an innocent owner. *Id.*

■ In Florida, when a husband and wife acquire real property it is presumed to be held by the husband and wife as TBE. *See e.g., First National Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777 (Fla.1971); *Knapp v. Fredricksen,* 148 Fla. 311, 4 So.2d 251, 252 (1941); *Doing v. Riley,* 176 F.2d 449, 454 (5th Cir.1949). In fact, unless there is a clear demonstration of the intent to create another form of ownership, the law presumes that real property owned by husband and wife is held as TBE. *See e.g., Knapp,* 4 So.2d at 252; *Doing v. Riley,* 176 F.2d at 454; *In re Koesling,* 210 B.R. 487, 491 (Bankr. N.D.Fla.1997).

■ Here, the Home is titled in the joint name of the Debtor and her non-filing spouse. Nothing contradicts the presumption that they own the Home as TBE. The Debtor and her husband have demonstrated, and neither the Trustee nor the Creditors dispute, each of the unities necessary to show that they own the Home as TBE. Furthermore, all parties agree that no joint creditors of the couple exist. Therefore, the Home is not subject to execution, claims or liens of creditors asserted solely against the Debtor and is exempt from claims of creditors in this Chapter 7 case.

---

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United States Code.

*Trustee's Motion.* Conversely, even though the Trustee acknowledges that the Debtor's Home is owned by the Debtor and her husband as TBE, the Trustee argues that this exemption, as well as the exemption claimed by the Debtor under the Florida Constitution, should be denied as a matter of law because the Debtor purchased the Home with the intent to hinder, delay or defraud creditors. Precisely, the Trustee argues that the Debtor fraudulently converted non-exempt assets into exempt assets by purchasing the Home in Florida and should lose her ability to exempt the Home from claims of creditors as a result.

Initially, the Court notes that many of the facts alleged by the Trustee to show the Debtor's fraudulent conduct are disputed by the Debtor. Because the Court must view all facts in favor of the Debtor in ruling on the Trustee's Motion and because the facts in dispute are material, the Trustee's Motion must be denied on that ground alone. However, even if the Trustee were given the opportunity to prove each of the facts asserted, the Trustee's and the Creditors' Objections insofar as they relate to the Home still would fail as a matter of law.

▮▮▮ The conversion of non-exempt cash assets into exempt assets, whether it is done with the intent to defraud creditors or not, cannot extinguish a debtor's right to exempt the homestead property from process under Florida law. A debtor's homestead is exempt from process under Article X, Section 4 of the Florida Constitution. This provision contains only three explicit exceptions to the homestead exemption: (1) unpaid property taxes on the homestead itself, (2) mortgages for the purchase or improvement of the homestead, and (3) mechanic's liens for work performed on the homestead. FLA. CONST. Art. X, § 4; *In re Clements,* 194 B.R. 923 (Bankr.M.D.Fla.1996). Whereas the

homestead exemption is interpreted broadly by Florida courts, the three exceptions to the homestead exemption are interpreted narrowly. *See Butterworth v. Caggiano,* 605 So.2d 56 (Fla.1992). Accordingly, because the Florida Constitution does not provide that the right to exempt property is forfeited if the property was acquired or improved with the intent to hinder, delay or defraud creditors, even debtors who fraudulently converted non-exempt assets into their exempt homestead on the eve of bankruptcy are still protected by the homestead exemption. *Bank Leumi Trust Company of New York v. Lang,* 898 F.Supp. 883 (S.D.Fla.1995); *Clements,* 194 B.R. at 925; *Meininger v. Miller (In re Miller),* 188 B.R. 302 (Bankr.M.D.Fla. 1995).

The Trustee argues that the Florida legislature intended to change this rule by enacting Florida Statutes § 222.29 and § 222.30. Florida Statutes § 222.29 provides:

> An exemption from attachment, garnishment, or other legal process *provided by this chapter* is not effective if it results from a fraudulent transfer or conveyance as provided in chapter 726.

Fla.Stat. § 222.29 (1997) (emphasis added).[2] By its language, § 222.29 clearly prohibits debtors from taking advantage of Florida's liberal exemptions when they fraudulently convert non-exempt assets into exempt assets, and with this in mind, Florida courts have not hesitated to deny debtors' exemptions for life insurance policies, annuities, and other miscellaneous assets. *See Miller,* 188 B.R. at 309; *Crews v. First Colony Life Insurance Company (In re Barker),* 168 B.R. 773 (Bankr. M.D.Fla.1994); *In re Schwarb,* 150 B.R. 470 (Bankr.M.D.Fla.1992).

▮▮▮ However, § 222.29 does not apply to homestead property. The relief afforded by § 222.29 applies only to ex-

---

**2.** Fla.Stat. § 222.30 simply provides that the protection of the Uniform Fraudulent Trans-

fer Act applies to asset conversions as well.

emptions "provided by this chapter." The homestead exemption is provided by the Florida Constitution, not Chapter 222. Furthermore, statutory laws cannot impair rights provided by the Florida Constitution. *Clements*, 194 B.R. at 925.

In his Motion, the Trustee cites *In re Thomas*, 172 B.R. 673, 674 (Bankr. M.D.Fla.1994), which took a contrary view and held that Fla.Stat. § 222.29 can be used to deny a debtor's homestead exemption when it is the result of a·fraudulent transfer. The overwhelming majority of Florida courts as well as this Court reject this conclusion and agree that, despite Fla. Stat. § 222.29, a debtor's conversion of non-exempt assets into the exempt homestead with the intent to hinder, delay or defraud creditors does not cause a debtor to lose the protection of the homestead exemption. See *Bank Leumi*, 898 F.Supp. 883; *Clements*, 194 B.R. 923; *Miller*, 188 B.R. 302. In fact, in *Bank Leumi*, the United States District Court for the Southern District of Florida specifically found that the debtors indeed had converted assets into their exempt homestead with the intent to hinder, delay or defraud creditors but held that they still were entitled to their homestead exemption. 898 F.Supp. at 887. Therefore, even if the Trustee proved all of his allegations and this Court found that the Debtor converted non-exempt cash assets into the exempt Home with the intent to hinder, delay or defraud. creditors, the Debtor still is entitled to exempt the Home under the Florida Constitution.

However, this does not mean that the Trustee and Creditors are completely without recourse. As other courts have noted, the Trustee could pursue an avoidance action under § 548, seek dismissal of the case, or object to a debtor's discharge as he currently is pursuing in a related adversary proceeding. See *Clements*, 194

B.R. at 926; *Barker*, 168 B.R. at 776.[3] In fact, the two cases that the Trustee cites to support his position, provide that when TBE property is created as the result of a fraudulent conveyance, the conveyance may be avoided in the same manner in which any other fraudulent transfer is avoided. See *Ohio Butterine Co. v. Hargrave*, 79 Fla. 458, 84 So. 376 (1920); *Govaert v. B.R.E. Holding Company, Inc. (In re Blitstein)*, 105 B.R. 133 (Bankr.S.D.Fla. 1989).

*Conclusion.* The Debtor has demonstrated based on undisputed facts and as a matter of law that she is entitled to exempt the Home from claims of creditors in this case. Despite the Trustee's allegations that the Debtor fraudulently converted non-exempt assets into the exempt Home, Florida law does not allow the Debtor to lose these exemptions as a result of such conduct. Moreover, the fact that the Home is owned by the Debtor and her spouse as tenants by the entireties further insulates the Home from claims of creditors against only the Debtor. Therefore, the Debtor is entitled to summary judgment as a matter of law on this issue. The Trustee's Motion (Doc. No. 44) is denied, and the Debtor's Motion (Doc. No. 39) is granted. The Trustee's and the Creditors' Objections to the Debtor's exemption of the Home (Doc. Nos. 9, 10, 40 and 43) are overruled. A status conference to consider the remaining portions of the Objections is scheduled for **10:00 a.m. on February 16, 1999.** A separate order consistent with this order shall be entered.

DONE AND ORDERED.

---

**3.** See also *Levine v. Weissing (In re Levine)*, 134 F.3d 1046 (11th Cir.1998), where the 11th Circuit Court of Appeals recognized that even though Florida law makes the homestead exemption nearly impossible to destroy, the trustee still has the ability to avoid as fraudulent the transfer which created the exemption.